**E-FILED**
Thursday, 06 September, 2007  12:15:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED

SEP - 5 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| THERESA A. PEDERSEN AND TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, | ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff/Stakeholder, AIG Life Insurance Company ("AIG"), by its attorneys, and for its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants/Claimants, Theresa A. Pedersen ("Pedersen") and Tina Georges, Personal Representative of the Estate of Thomas D. Harrell ("Georges"), states as follows:

### PARTIES

1.      Plaintiff/Stakeholder, AIG, is an insurance company incorporated under the laws of Texas with its principal place of business in Houston, Texas.

2.      Defendant/Claimant, Pedersen, is a citizen of the State of Illinois, residing at 10948 Darnell Road, Dawson, Illinois, 62520.

3.      Defendant/Claimant, Georges, is a citizen of the State of South Carolina, residing at 114 Lakeview Drive, Anderson, South Carolina, 29696.

### JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, as there are two or more adverse claimants of diverse citizenship, and AIG has deposited the

414447.1

amount in controversy ("Proceeds"), which is over the required amount of $500, with the Clerk of this Court.

5.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and one or more of the claimants reside in this jurisdiction.

## FACTUAL BACKGROUND

6.     On or around May 18, 1986, AIG issued Life Insurance Policy No. 051360529 ("Policy") to Thomas D. Harrell ("Harrell") with a face amount of $50,000.00.  Harrell named Pedersen, his wife at the time of issuance, the beneficiary under the Policy.  A true and correct copy of the Policy is attached hereto as Exhibit 1.

7.     On December 19, 1989, the Circuit Court of Montgomery County, Illinois entered a Judgment of Dissolution of Marriage between Harrell and Pedersen. A true and correct copy of the Judgment of Dissolution of Marriage is attached hereto as Exhibit 2.

8.     Subsequent to the divorce, Harrell purportedly completed a change of beneficiary form, requesting that the beneficiary under the Policy be changed from Pedersen to the following individuals on account of the divorce: primary beneficiaries: Milford Harrell, father, and Lee Ann Hogg, sister; contingent beneficiaries: Richard Harrell, brother, and James Harrell, brother. The form is undated and unsigned.  A true and correct copy of the beneficiary change form is attached hereto as Exhibit 3.

9.     AIG never received the beneficiary change form and has no record of a beneficiary change after the Policy was issued.

10.     On September 13, 2006, Harrell died.

414447.1

11.    Under the terms of the Policy, and on account of the death of the insured named under the Policy, AIG became obligated to pay the sums due under the Policy in the total amount of $50,000.00 plus any applicable interest ("Proceeds").

12.    On May 3, 2007, counsel for Georges sent a letter to AIG, asserting a claim to the Proceeds on behalf of Harrell's estate.  Counsel for Georges stated that Harrell intended to change the beneficiary after the divorce and enclosed a copy of the Judgment of Dissolution of Marriage and beneficiary change form.  A true and correct copy of the May 3, 2007 letter is attached hereto as Exhibit 4.

13.    On June 18, 2007, counsel for Pedersen sent counsel for AIG a letter asserting a claim to the Proceeds on behalf of Pedersen. A true and correct copy of the June 18, 2007 letter is attached hereto as Exhibit 5.

## BASIS FOR INTERPLEADER RELIEF

14.    Because there are conflicting claims to the Proceeds of the Policy, AIG cannot safely pay out the Proceeds.

15.    As a result of the foregoing, there exists actual or potential rival, adverse and conflicting claims to the Proceeds, and AIG has been unable to discharge its admitted liability without exposing itself to multiple liability or multiple litigation or both.

16.    AIG is willing to pay the Proceeds due and owing on account of the death of the insured, and pursuant to the provisions of the Policy and the applicable law.

17.    AIG should not be compelled to become involved in the disputes or contentions of the claimants and the claimants should be ordered to litigate among themselves without further involving AIG.

414447.1

18.    AIG has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff/Stakeholder, AIG, asks for the following relief:

a.    That the Defendants/Claimants, Pedersen and Georges, be enjoined from instituting or prosecuting against AIG in a proceeding in any state or United States Court or administrative tribunal affecting the insurance proceeds due under the Policy and on account of the death of Harrell, and that said injunction issue without bond or surety;

b.    That the Defendants/Claimants, Pedersen and Georges, be required to make full and complete answer to this Complaint for Interpleader Relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong, and how they make their claims thereto;

c.    That this Court determine and declare the rights of the Defendants/Claimants, Pedersen and Georges, to life insurance benefits due and owing under the Policy;

d.    That the Court discharge AIG of and from any and all liability for any insurance payable on account of the death of Harrell;

e.    That this Court excuse AIG from further attendance upon this cause, and dismiss AIG from this case with prejudice;

f.    That this Court grant AIG such other and further relief as this Court deems just and equitable, including its attorney fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policy.

AIG LIFE INSURANCE COMPANY

By: _____
One of its Attorneys

Daniel J. McMahon
Rebecca M. Rothmann
Shawn L. Olins
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle St., 26th Floor
Chicago, IL 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

4

414447.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorneys of record at their respective business addresses:

Paul F. Sandquist
P.O. Box 5724
River Forest, IL 60305-5724

via ☐ hand delivery, ☐ facsimile, ☐ overnight-next day delivery, and/or ☑ depositing same in the US Mail at 120 North LaSalle Street, Chicago, Illinois 60602, with proper postage prepaid, at or before the hour of 5:00 p.m., on this 4th day of September, 2007.

Rebecca M. Rothmann

414447.1

**E-FILED**
Thursday, 06 September, 2007  12:15:28 PM
Clerk, U.S. District Court, ILCD

# Thomas D. Harrell
# Policy No. 051360529

**PRIVILEGED LEGAL DOCUMENT**
This is a confidential document protected by the attorney-client or work-product privilege.
========================================

To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT
1

**AIGLIFE**  **AIG Life Insurance Company**
**Pittsburgh, Pennsylvania 15222**
**A capital stock company**

---

**Renewable and Convertible Term Life Policy.** This policy is a legal contract between AIG Life
Insurance Company (we) and the policy owner (you). Please read your policy carefully.

---

**What This Policy Provides.** This policy provides life insurance coverage on the Insured. It also pro-
vides important rights and benefits for you.

We will pay the proceeds to the Beneficiary when satisfactory proof of the Insured's death while
this policy is in effect is received at our home office.

---

**Ten Day Right to Inspect This Policy.** This policy can be returned for any reason within 10 days
after receiving it. Return it by mail or in person to us or the agent who sold it. We will refund any
premium paid and treat the policy as if it were never issued.


Secretary                    President


Registrar

---

This is a renewable and convertible term life policy. Insurance is payable at the Insured's death
while the policy is in effect. Premiums are due during the Insured's life until the expiration date at
guaranteed rates. No dividends are payable.

29603 (9/80)

## Table of Contents

**Sections**

Information Page................................................3, 4
About This Life Insurance Policy.......................................5
Premiums............................................................5
Your Exchange Benefit................................................6
Benefits for The Beneficiary..........................................6
Benefit Payment Plans................................................7
General Policy Terms.................................................9

**Important Terms**

age . . . . . . . . . . . . . . . . . . . . . 5
amount of proceeds..............6
assignment.....................9
beneficiary.....................5
benefit payment plans............7
changing the beneficiary..........5
changing this policy..............9
contesting this policy.............9
discounting . . . . . . . . . . . . . . . . 7
effective date...................5
endorsements...................5
exchange options................6
exchange period.................5
final exchange date..............5
final expiration date..............5
grace period....................5

information page..............3, 4
insured . . . . . . . . . . . . . . . . . . . . . . . 5
irrevocable beneficiary...........5
issue date......................5
mistake in age...................9
named person...................7
owner.........................5
policy anniversary...............5
premiums......................5
reinstating this policy............6
renewal date....................6
renewing coverage...............6
riders . . . . . . . . . . . . . . . . . . . . . . 5
sending us notice................9
suicide . . . . . . . . . . . . . . . . . . . . 9

**About This Life Insurance Policy.** Here is some basic information that will help you understand what this policy provides and how it works.

**Who Has An Interest In This Policy.** We have issued this policy to you on the life of the *Insured* named on the Information Page. As the policy *owner,* you can exercise the rights and benefits described in this policy.

An important right you have is to name the Beneficiary. The *Beneficiary* is the person who is to receive the proceeds payable at the Insured's death. The Beneficiary is named in the application unless a later change has been made.

There can be more than one Beneficiary. If there is, their rights to share in the proceeds will be as described in the application. If there is no Beneficiary living at the time of the Insured's death, you will receive the proceeds. If you are the Insured, your estate will receive the proceeds.

**Changing The Beneficiary.** During the Insured's life, you may change the Beneficiary. But the consent of anyone who you name to be an Irrevocable Beneficiary is needed to change a Beneficiary. The Irrevocable Beneficiary's consent is also needed before you can assign this policy or choose a payment plan.

To change the Beneficiary, we must receive notice of the change on a form satisfactory to us. After we record the change, it will take effect as of the date the notice was signed. But the change will not affect any payment made or action taken before the change is recorded at our home office.

**Parts of The Policy.** *Policy* means the basic policy and all attached applications, riders and endorsements. Riders add benefits to the basic policy. Endorsements change or limit the policy. The Information Page is also part of the policy.

**Policy Dates.** *Effective date* is the date the policy goes into effect. This date is shown on the Information Page. Policy months and policy years are measured from the effective date. A policy anniversary occurs each year on the effective date. The *issue date* shown on the Information Page is the date the policy is issued.

*Age* means the Insured's actual age.

*Renewal date* is the date that the new renewal term begins if premiums for the renewal term are paid.

*Final expiration date* is the date that this policy ends. No renewal of this policy can extend beyond this date. Coverage will end earlier on any renewal date for a term for which premiums are paid.

*Exchange period* is the time during which this policy may be exchanged for a whole life insurance or endowment policy. The exchange period ends on the *final exchange date* shown on the Information Page.

**Premiums.** We provide insurance coverage in return for premium payments. The premium amount and the payment schedule are shown on the Information Page. Premiums are payable to our home office. If requested, we will give a receipt signed by any of our officers.

**Premium Schedule.** The first premium is required in advance to put this policy in effect. After that, premium due dates are measured from the effective date. All premiums are payable in advance during the Insured's life for the period shown on the Information Page.

Premiums can be scheduled for payment annually, semi-annually or quarterly. You can request in writing to change to a different payment schedule. If we approve, payments will be due at the different schedule. A change in schedule will not affect the premium rates. The rates are guaranteed to be our published rates on the effective date.

**Grace Period.** This policy will stay in effect for 31 days after the due date of any premium after the first. These 31 days are called the *grace period*. If the Insured dies during the grace period, the amount of the unpaid premium will be deducted from the proceeds.

**If A Premium Is Not Paid.** If a premium is not paid by the end of its grace period, coverage will end as of the due date.

**How to Reinstate Coverage.** If coverage ends because a premium has not been paid, the coverage may be reinstated. Coverage may be reinstated during the Insured's life within 5 years after the due date of the first unpaid premium.

To reinstate, we must receive an application to reinstate including evidence that the Insured is insurable. All unpaid premiums plus 6% annual interest must be paid.

**Your Right to Renew Coverage.** This policy may be renewed for successive renewal periods up to the final expiration date shown on the Information Page. Each renewal term will be the same as the term from the effective date to the first renewal date.

**How to Renew Coverage.** You may renew this policy by paying renewal premiums. The renewal premium amounts are shown on the Information Page.

The Information Page also shows the additional charge for renewing riders, if any. The first premium for the renewal term is due at the end of the preceeding term. The grace period provision applies to each renewal premium payment, including the first.

**Your Exchange Benefit.** You can exchange this policy for a whole life, single premium, or endowment policy on the Insured's life. The new policy must have a face amount that is at least $1,000 and not more than the face amount of this policy.

If the exchange does not take place before the final exchange date shown on the Information Page, we will require evidence of insurability. We can also require evidence of insurability if the new policy is to include any benefit riders in effect under this policy.

**Exchange Options.** You can choose one of 2 exchange options that are available.

*Option A.* The effective date of the new policy will be the date of exchange. The new policy must be one that we regularly offer on this date. The premiums will be based on the Insured's attained age on the effective date. The full reserve on the effective date on the amount exchanged will be credited to premiums for the new policy.

*Option B.* The effective date of the new policy will be the same as the effective date of this policy. The new policy must be one that was regularly offered on this date. The premiums will be based on the Insured's attained age on the effective date.

We will charge an exchange fee if you choose this option. The fee will be the larger of the difference between premiums (with interest compounded at the annual rate of 6%) or reserves of this policy and the new policy. The comparison will be based on the number of years paid on this policy and the amount exchanged.

**Benefits for The Beneficiary.** We will pay the life insurance proceeds to the Beneficiary. The proceeds are payable when we receive satisfactory proof that the Insured has died before the expiration date while the policy is in effect.

**Amount of Proceeds.** The amount of proceeds will equal:
- the face amount of this policy; plus
- any insurance on the Insured's life provided by riders.

From this total, we will subtract any unpaid premium due before the Insured's death.

**Paying Proceeds.** Proceeds will be paid in one lump sum. But the proceeds at death may be left on deposit with us to be paid under one or more payment plans.

**Benefit Payment Plans.** A payment plan may be chosen by you during the Insured's life to be payable to a *named person*. If you have not chosen a plan at the time of the Insured's death, the Beneficiary may choose a payment plan. Any choice or change must be made in writing on a form satisfactory to us. If the named person is not an individual, we may restrict its right to choose a plan.

When a plan is chosen, we will require that this policy be returned to us. In return, we will issue an agreement that covers the terms of the plan chosen.

**Plan 1. Interest Payments.** Proceeds can be left on deposit with us. These proceeds will earn interest at the annual rate of at least 4%. Payments of the interest can be made annually, semi-annually or quarterly. The named person can receive any amounts left on deposit with us plus accrued interest by returning the agreement covering Interest Payments. At the death of the named person, any amount not withdrawn will be paid to his or her estate unless otherwise instructed by you on a form satisfactory to us.

**Plan 2. Payments for A Fixed Period.** We will make equal monthly payments for a fixed number of years, not to exceed 30. The first payment will be payable immediately. Payments will be made according to the table below. At the death of the named person, any unpaid payment for the fixed period will be *discounted*. This means we will deduct the amount of interest each remaining payment would have earned had it not been paid out early. The annual discount rate is 4%. Payment will be made in one lump sum to the named person's estate unless otherwise instructed by you on a form satisfactory to us. The named person can receive the payments yet to be made minus a discount at the annual rate of 4% by returning the agreement covering the Payments for A Fixed Period.

Payments for A Fixed Period Table
(Monthly Payment for Each $1,000 of Proceeds)

| Fixed Period (Years) | Monthly Payment | Fixed Period (Years) | Monthly Payment |
|---|---|---|---|
| 1 | $84.83 | 16 | 7.00 |
| 2 | 44.29 | 17 | 6.70 |
| 3 | 29.39 | 18 | 6.44 |
| 4 | 22.47 | 19 | 6.21 |
| 5 | 18.32 | 20 | 6.00 |
| 6 | 15.56 | 21 | 5.81 |
| 7 | 13.59 | 22 | 5.64 |
| 8 | 12.12 | 23 | 5.49 |
| 9 | 10.97 | 24 | 5.35 |
| 10 | 10.06 | 25 | 5.22 |
| 11 | 9.31 | 26 | 5.10 |
| 12 | 8.69 | 27 | 5.00 |
| 13 | 8.17 | 28 | 4.90 |
| 14 | 7.72 | 29 | 4.80 |
| 15 | 7.34 | 30 | 4.72 |

Amounts of annual, semi-annual or quarterly payments are available on request.

**Plan 3. Payments for Life.** We will make equal monthly payments to the named person for a guaranteed minimum period. If the named person lives longer than the minimum period, payments will continue until his or her death. Under this payment plan, the minimum period can be 0 or 20 years. The first payment will be payable immediately. Payments will be made according to the table below. At the death of the named person, any unpaid amount for the fixed period will be discounted. We will deduct the amount of interest each remaining payment would have earned had it not been paid out early. The annual discount rate is 4%. Payment will be made in one lump sum to the named person's estate unless otherwise instructed by you on a form satisfactory to us.

**Payments for Life Table.** (Monthly Payment for Each $1,000 of Proceeds based on guaranteed minimum period)

| | MALE | | | | FEMALE | | |
|---|---|---|---|---|---|---|---|
| AGE | None | 10 Years | 20 Years | AGE | None | 10 Years | 20 Years |
| 0 to 10 | $3.58 | $3.58 | $3.57 | 0 to 10 | $3.51 | $3.51 | $3.50 |
| 11 | 3.59 | 3.59 | 3.58 | 11 | 3.52 | 3.52 | 3.51 |
| 12 | 3.61 | 3.60 | 3.60 | 12 | 3.53 | 3.53 | 3.52 |
| 13 | 3.62 | 3.62 | 3.61 | 13 | 3.54 | 3.54 | 3.53 |
| 14 | 3.63 | 3.63 | 3.62 | 14 | 3.55 | 3.55 | 3.55 |
| 15 | 3.65 | 3.65 | 3.64 | 15 | 3.56 | 3.56 | 3.56 |
| 16 | 3.67 | 3.66 | 3.65 | 16 | 3.57 | 3.57 | 3.57 |
| 17 | 3.68 | 3.68 | 3.67 | 17 | 3.59 | 3.59 | 3.58 |
| 18 | 3.70 | 3.70 | 3.69 | 18 | 3.60 | 3.60 | 3.59 |
| 19 | 3.72 | 3.71 | 3.70 | 19 | 3.62 | 3.61 | 3.61 |
| 20 | 3.74 | 3.73 | 3.72 | 20 | 3.63 | 3.63 | 3.62 |
| 21 | 3.76 | 3.75 | 3.74 | 21 | 3.65 | 3.64 | 3.64 |
| 22 | 3.78 | 3.77 | 3.76 | 22 | 3.66 | 3.66 | 3.65 |
| 23 | 3.80 | 3.79 | 3.78 | 23 | 3.68 | 3.68 | 3.67 |
| 24 | 3.82 | 3.82 | 3.80 | 24 | 3.70 | 3.69 | 3.69 |
| 25 | 3.85 | 3.84 | 3.83 | 25 | 3.71 | 3.71 | 3.70 |
| 26 | 3.87 | 3.87 | 3.85 | 26 | 3.73 | 3.73 | 3.72 |
| 27 | 3.90 | 3.89 | 3.88 | 27 | 3.75 | 3.75 | 3.74 |
| 28 | 3.93 | 3.92 | 3.90 | 28 | 3.78 | 3.77 | 3.76 |
| 29 | 3.96 | 3.95 | 3.93 | 29 | 3.80 | 3.79 | 3.78 |
| 30 | 3.99 | 3.98 | 3.96 | 30 | 3.82 | 3.82 | 3.81 |
| 31 | 4.02 | 4.01 | 3.99 | 31 | 3.85 | 3.84 | 3.83 |
| 32 | 4.05 | 4.04 | 4.02 | 32 | 3.87 | 3.87 | 3.85 |
| 33 | 4.09 | 4.08 | 4.05 | 33 | 3.90 | 3.89 | 3.88 |
| 34 | 4.13 | 4.12 | 4.08 | 34 | 3.93 | 3.92 | 3.90 |
| 35 | 4.17 | 4.15 | 4.11 | 35 | 3.96 | 3.95 | 3.93 |
| 36 | 4.21 | 4.19 | 4.15 | 36 | 3.99 | 3.98 | 3.96 |
| 37 | 4.25 | 4.24 | 4.19 | 37 | 4.02 | 4.01 | 3.99 |
| 38 | 4.30 | 4.28 | 4.22 | 38 | 4.06 | 4.05 | 4.02 |
| 39 | 4.35 | 4.33 | 4.26 | 39 | 4.09 | 4.08 | 4.06 |
| 40 | 4.40 | 4.38 | 4.30 | 40 | 4.13 | 4.12 | 4.09 |
| 41 | 4.45 | 4.43 | 4.34 | 41 | 4.17 | 4.16 | 4.13 |
| 42 | 4.51 | 4.48 | 4.39 | 42 | 4.21 | 4.20 | 4.16 |
| 43 | 4.57 | 4.54 | 4.43 | 43 | 4.26 | 4.25 | 4.20 |
| 44 | 4.63 | 4.60 | 4.48 | 44 | 4.31 | 4.29 | 4.24 |
| 45 | 4.70 | 4.66 | 4.53 | 45 | 4.36 | 4.34 | 4.28 |
| 46 | 4.77 | 4.72 | 4.57 | 46 | 4.41 | 4.39 | 4.33 |
| 47 | 4.85 | 4.79 | 4.62 | 47 | 4.46 | 4.44 | 4.37 |
| 48 | 4.92 | 4.86 | 4.68 | 48 | 4.52 | 4.50 | 4.42 |
| 49 | 5.00 | 4.93 | 4.73 | 49 | 4.59 | 4.56 | 4.47 |
| 50 | 5.09 | 5.01 | 4.78 | 50 | 4.65 | 4.62 | 4.52 |
| 51 | 5.17 | 5.08 | 4.84 | 51 | 4.72 | 4.69 | 4.57 |
| 52 | 5.27 | 5.17 | 4.89 | 52 | 4.80 | 4.76 | 4.63 |
| 53 | 5.36 | 5.25 | 4.95 | 53 | 4.87 | 4.83 | 4.69 |
| 54 | 5.47 | 5.34 | 5.01 | 54 | 4.96 | 4.91 | 4.75 |
| 55 | 5.57 | 5.43 | 5.06 | 55 | 5.05 | 4.99 | 4.81 |
| 56 | 5.68 | 5.53 | 5.12 | 56 | 5.14 | 5.07 | 4.87 |
| 57 | 5.80 | 5.63 | 5.18 | 57 | 5.24 | 5.16 | 4.93 |
| 58 | 5.93 | 5.73 | 5.24 | 58 | 5.34 | 5.25 | 5.00 |
| 59 | 6.06 | 5.84 | 5.30 | 59 | 5.45 | 5.35 | 5.07 |
| 60 | 6.20 | 5.96 | 5.36 | 60 | 5.56 | 5.45 | 5.14 |
| 61 | 6.35 | 6.08 | 5.42 | 61 | 5.69 | 5.56 | 5.20 |
| 62 | 6.51 | 6.21 | 5.48 | 62 | 5.82 | 5.68 | 5.27 |
| 63 | 6.69 | 6.34 | 5.53 | 63 | 5.96 | 5.80 | 5.34 |
| 64 | 6.87 | 6.48 | 5.59 | 64 | 6.11 | 5.93 | 5.41 |
| 65 | 7.07 | 6.62 | 5.64 | 65 | 6.27 | 6.07 | 5.48 |
| 66 | 7.28 | 6.77 | 5.69 | 66 | 6.45 | 6.22 | 5.54 |
| 67 | 7.51 | 6.93 | 5.73 | 67 | 6.64 | 6.37 | 5.60 |
| 68 | 7.75 | 7.09 | 5.78 | 68 | 6.85 | 6.54 | 5.66 |
| 69 | 8.01 | 7.26 | 5.81 | 69 | 7.08 | 6.71 | 5.71 |
| 70 | 8.30 | 7.43 | 5.85 | 70 | 7.33 | 6.89 | 5.76 |
| 71 | 8.60 | 7.60 | 5.88 | 71 | 7.60 | 7.08 | 5.81 |
| 72 | 8.93 | 7.78 | 5.91 | 72 | 7.90 | 7.28 | 5.84 |
| 73 | 9.28 | 7.96 | 5.93 | 73 | 8.22 | 7.48 | 5.88 |
| 74 | 9.67 | 8.14 | 5.95 | 74 | 8.57 | 7.68 | 5.90 |
| 75 | 10.08 | 8.32 | 5.96 | 75 | 8.95 | 7.89 | 5.92 |

**Plan 4. Payment of A Fixed Amount.** We will make payments of a fixed amount annually, semi-annually, or quarterly. The first payment will be payable immediately. The amount will earn interest at the annual rate of at least 4%. Payments will continue until the amount and interest are fully paid. At the death of the named person, payment of the amount on deposit under this plan will be made in one lump sum to the named person's estate unless otherwise provided by you on a form satisfactory to us. The named person can receive any amount left on deposit with us plus accrued interest by returning the agreement covering the Payment of A Fixed Amount.

**Plan 5. Annuity Payments.** We guarantee payments for the life of the named person. If there are 2 named persons, payments are guaranteed during their lives and then to the survivor during his or her life. Payments will be made according to any Life Annuity or Single Payment Joint and Survivor Annuity plan that we use at the time the proceeds become payable.

**Additional Information about The Plans.** You can arrange another acceptable payment plan with us. We will not make any payments of less than $25.

Payments under a plan cannot be assigned to another person or party. If the policy is assigned, we will pay in one lump sum any amount due to the person or party who takes the assignment. But if the policy is used to secure a loan, we will make payments under any chosen plan. See *General Policy Terms.*

We may increase the interest rate under plans 1, 2, 3, and 4 at our discretion.

If the named person chooses earlier payments under plan 1, 2 or 4, we will pay as soon as possible. But we have the right to delay payment for up to 6 months after the request for payment unless earlier payment is required by law.

## General Policy Terms.

**Sending Us Notice.** All required written notice must be sent to our administrative office at 12th and Market Streets, Wilmington, Delaware 19801. Please include the policy number.

**Contesting This Policy.** We rely on the statements made in the application. Legally, they are considered representations and not warranties. We can contest this policy if any material misstatement is made in the application and a copy of the application is attached to this policy.

After this policy or a rider has been in effect during the Insured's life for 2 years from the effective date, we will not contest this policy. If this policy or a rider is reinstated, the time when we can contest it begins again. But we will not contest this policy or a rider after it has been reinstated during the Insured's life for 2 years from the date of reinstatement.

We reserve the right to contest at any time any rider that provides benefits for total disability or additional accidental death coverage. In addition, we can end the policy at any time if premiums are not paid.

**Mistake in Age.** If the Insured's age is misstated in the application, the amount of proceeds will be what the premium paid would buy at his or her true age.

**Suicide.** If the Insured commits suicide within 2 years of the effective date, we will make a limited payment to the Beneficiary. We will pay in a lump sum the amount of all premiums paid on the policy plus interest at the annual rate of 4%.

**No Dividends.** This policy does not pay dividends.

**Using This Policy as Security.** No assignment of this policy as security for a loan will be binding on us until a copy of the assignment form is filed with us. We will not be responsible for the validity of any assignment. The person or party who takes the policy as security does not become its owner.

**Changing This Policy.** This policy can only be changed, in writing, by one of our executive officers. No other person, including an agent, has any authority to change or reinstate this policy, or extend the time for paying a premium.

MAY 23 1986

## TERM LIFE INSURANCE APPLICATION
## FOR CITIBANK MASTERCARD CARDMEMBER

**Here's My Choice Of Benefits:** ☐ $10,000.0  ☒ $50,000.0

I authorize the monthly billing for this insurance to my Citibank MasterCard account.

*Thomas D Harrell*
(Signature of Cardmember)

TO: AIG LIFE INSURANCE COMPANY

Initial Amount of Insurance    $ 50,000

Plan of Insurance: 5 Year Renewable and Convertible Term

Beneficiary: *Theresa A. Harrell - wife*

Contingent Beneficiary:

3111386 1 5821A D
0189026331 206353

Name
and
Address
of
Proposed
Insured

Thomas D Harrell
B: 10
Parnersville, IL 62533

Date of Birth
Place of Birth: Dubois
Occupation: Coal Miner
Employer: Franklin Unl
Address: West Frank
Height: 5'8"    Weight

1. ☐ Yes ☒ No   Have you consulted a physician for any illness during the past five years or has any symptom been detected, confirmed, or modified, or do you know of any heart condition...
2. ☐ Yes ☒ No   Have you ever been treated for or told you had heart disease, high blood pressure, diabetes, cancer, ulcer or any other serious disorder?
3. ☐ Yes ☒ No   Do you fly other than as a passenger either in a company plane or regularly scheduled airline?
4. ☐ Yes ☒ No   Is this insurance intended to replace any existing insurance on your life?

If answer to any question is "Yes", please give particulars below listing question number, diagnosis, dates...

## AUTHORIZATION AND ACKNOWLEDGEMENT STATEMENT

I apply for the above indicated Plan of Life Insurance. All the above statements are true and complete to the best of my knowledge and belief and they shall form part of the contract for insurance. The Company shall incur no liability unless the application is accepted by the Company, a policy is issued pursuant to the application, and the premium is actually paid while my health and other conditions affecting my insurability are as stated in this application.

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person that has any records or knowledge of me or my health, to give to the AIG Life Insurance Company, any such information. I also acknowledge receipt of the NOTICE TO APPLICANT. A photographic copy of this authorization shall be as valid as the original.

Company Use Only—Countersigning Agent

*Thomas D Harrell*
Date: 5/6/86

42158

**IMPORTANT NOTE:** We request that all Applications be completed by you.

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, HILLSBORO ILLINOIS

IN RE THE MARRIAGE OF:           )
THERESA ANN HARRELL,             )
                  Plaintiff,     )
v.                               )
THOMAS DALE HARRELL,             )    No. 89-D-173
                  Defendant.     )

**FILED**

DEC 19 1989

**ROY HERFEL**
CIRCUIT COURT CLERK

## JUDGEMENT OF DISSOLUTION OF MARRIAGE

This matter is before this Court on Plaintiff's Petition for Dissolution of Marriage.  The Plaintiff is present in person, pro se.  The Defendant has filed his appearance and consent to this proceeding.  Testimony heard.  Based upon the testimony heard and the agreement of the parties this Court FINDS as follows:

1.  This Court has jurisdiction over this matter, both parties having resided in Illinois for more than 90 days preceding the date of this Order.

2.  Venue is proper, both parties having agreed to vest venue in the Circuit Court for the Fourth Judicial Circuit, Montgomery County, Illinois.

3.  The parties were lawfully joined in marriage on August 19, 1978 in Salem, Marion County, Illinois and from that time they cohabited and lived together as Husband and Wife until October 10, 1989 at which time they seperated and ceased to live together as Husband and Wife.

**EXHIBIT
2**

4.  The Plaintiff is currently a resident of Springfield, Sangamon County, Illinois and has been a resident of Illinois for her entire life.  The Plaintiff is presently 36 years of age, having been born Theresa Ann Ferrell on July 12,1953 in Eldorado, Illinois. The Plaintiff is currently employed by the Illinois State Board of Education.

5.  The Defendant is currently a resident of Farmersville, Montgomery County, Illinois and has been a resident of Illinois for his entire life.  The Defendant is presently 36 years of age born on February3,1953 in DuQuoin, Perry County, Illinois.  The Defendant is currently employed by Sarco Mining Industries.

6.  No children were born to the marriage, no children were adopted and the Plaintiff is not now pregnant.

7.  The parties have acquired certain personal and marital property and have acquired a certain marital debt.

8.  The ~~Plaintiff and the~~ Defendant ~~have irreconcilable~~ *has been guil of extreme and repeated mental cruelty toward plaintiff without provocation* ~~differences.~~ *by plaintiff.*

Based on the foregoing , this Court HEREBY ORDERS as follows:

A.  The marriage of the Plaintiff and Defendant is dissolved.

B.  Each party is awarded their personal property and the marital property currently in their possession.

C.  The Plaintiff is entitled to possession of the 1986 Oldsmobile Cutlas Ciera.

*Each party is awarded sole right and ownership in their individual pension plans with present or former employers — and also each is awarded the 2 IRA accounts in their respective names.*

D.   The Defendant shall be responsible for the payment of the following debt of the parties until the property is either sold or vacated by the Defendant because of job relocation and the Defendant shall indemnify and hold the Plaintiff harmless from same, including costs and attorney's fees actually incurred:

A lien held by Illini Federal Savings and Loan Association in the approximate amount of $14,000.00 which is secured by a mortgage on the marital residence commonly known as 506 Leonard Street, Farmersville, Illinois.

If the Defendant has to relocate for job purposes, the Plaintiff and the Defendant shall each pay one half of the monthly mortgage payment until the house is sold at which time the mortgage will be paid off and the remaining proceeds from the sale split equally among the parties.

If the Defendant does not relocate and vacate the property by January 1, 1991, he will pay the sum of $5,000.00 to the Plaintiff for her share of the property and the Plaintiff shall then deliver a Quit Claim Deed by which she transfers all right, title and interest she may have in the marital residence.

E.   Each party shall be responsible for any debts incurred by them individually prior to and since the seperation of the parties on October 10, 1989 and shall indemnify and hold harmless from same including costs and attorney's fees actually incurred.

F.   The Plaintiff is entitled to possession of those items of personal and marital property currently in her possession including but not limited to the 1986 Olsmobile Cutlas Ceira which the Defendant shall sign over the title to her possession.

3

G. The Defendant is entitled to possession of the personal
and marital property currently in his possession including all other
Household furnishings currently located in the former marital
residence, *plus Defendant to receive all savings bonds + the* $600 *in the Farmer's Merchant Bank savings account.*

H.  Neither party is entitled to receive maintenance from
the other and each party is hereby barred from receiving maintenance
from the other.

Dated: _____ Dec 19 _____, 1989

_____
John P Coady
Associate ~~Circuit~~ Court Judge

*Theresa Ann Harrell*
Theresa Ann Harrell, Defendant

*Thomas D Harrell*
Thomas Dale Harrell, Defendant

12-15-89
*Christine Terry*

```
" OFFICIAL  SEAL "
CHRISTINE TERRY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  7/21/93
```

STATE OF ILLINOIS        SS
COUNTY OF MONTGOMERY

I, Earlene Fuchs, a Notary Public in and for
said County and State aforesaid, do hereby
certify that Thomas Dale Harrell, personally kno
to me to be the same person whose name is sub-
scribed to the foregoing instrument appeared
before me this day in person and acknowledged th
he signed, sealed, and delivered the said instru
his free and voluntary act, for the uses and
purposes therein set forth.

Given under my hand and official seal this 12th
of December, 1989.

_____
Earlene Fuchs
Notary Public

4

```
" OFFICIAL  SEAL "
EARLENE FUCHS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  2/19/92
```

American International Companies

American International Life Assurance Company of New York

☒ AIG Life Insurance Company

☐ Delaware American Life Insurance Company

ADMINISTRATIVE OFFICES: P.O. Box 7486
Wilmington, DE 19803

# INSURANCE SERVICE REQUEST

DO NOT SEND POLICY *(Except #7)*

| POLICY NUMBER | INSURED | OWNER (If Other Than Insured) |
|---|---|---|
| 051360529 | Thomas D. Harrell | |

**1.** ☒ It is hereby requested that the beneficiary under the above numbered policy be changed as follows:

Please Print Names In Full

| | | Relationship To Insured | Age |
|---|---|---|---|
| Primary Beneficiary | Milford V. Harrell | Father | 64 |
| | Lee Ann Hogg | Sister | 31 |
| Contingent Beneficiary | Richard K. Harrell | Brother | 35 |
| | James R. Harrell | Brother | 30 |

It is understood and agreed that, unless otherwise directed, proceeds will be paid in equal shares to any primary beneficiaries who survive the insured, but if none survives, proceeds will be paid in equal shares to any contingent beneficiaries who survive the insured.

**2.** ☐ Change Address To:

**3.** ☐ Certificate of Coverage

I REQUEST A DUPLICATE CERTIFICATE OF COVERAGE FOR THE ABOVE NUMBER. THE ORIGINAL HAS BEEN:
☐ LOST  ☐ DESTROYED  ☒ _____
Change of beneficiaries

**4.** ☐ Change Name Of:

☐ Insured     ☒ Beneficiary
☐ Owner      ☐ Payor

REASON FOR CHANGE (If other than correction, marriage or divorce, please attach photocopy of legal document)
_____ Divorce _____
_____

From: Theresa A. Harrell

To: Above

**5.** ☐ Transfer of Ownership

As Owner of the above designated Policy, I request that all benefits, rights and privileges incident to ownership of this Policy be vested in the new Owner named below, or to such new Owner's executors, administrators and assigns, or successors and assigns.

New Owner _____ Relationship to Insured _____

Address of New Owner _____

_____

**6.** ☐ Premium Mode Change

Change to: ☐ Annual
☐ Semi-Annual  ☐ Quarterly  ☐ Pre-Authorized Check

**7.** ☐ Cancel

REASON FOR CANCELLATION(S)
_____
_____

**8.** ☐ Special Request

Signature _____ Date _____

Signature _____ Date _____

27842 3/86

EXHIBIT
3

LAW OFFICE

OF

# GWYNNE B. GOODLETT, LLC

842 EAST TUGALO STREET, SUITE 100                    ggoodlett@windstream.net
TOCCOA, GEORGIA  30577                                (706)244-0622

Also licensed in South Carolina

May 3, 2007

American General Life Insurance
Attn:  Legal Department
P.O. Box 4373
Houston, TX  77210

RE:    Insured—Thomas D. Harrell, deceased
       Policy Number:  301-051360529

To Whom It May Concern:

    The purpose of this letter is to formally notify you of a dispute regarding the above-referenced policy.  I represent Thomas Harrell's Estate.   During the course of administering Mr. Harrell's estate, his widow informed me of Mr. Harrell's intention to change the beneficiary of the above-referenced policy.  Specifically, the beneficiary is listed in an October 5,2006 letter from your company as Theresa A Herrell – Wife.

    As you will see from the enclosed divorce decree, Mr. Harrell and Theresa A. Harrell were divorced on December 19, 1989.  Theresa is no longer his wife, and in fact, Mr. Harrell was married at the time of his death to Ms. Tina Georges.

    Some time after the divorce , Mr. Harrell completed the enclosed Insurance Service Request, with the intention to change the beneficiary. Based on correspondence with Ms. Georges, it is my understanding that AIG never received a change of beneficiary form.  Mr. Harrell's extended family, including his surviving brother, sister and father, are adamant that Thomas Harrell never intended for his ex-wife to receive these life insurance proceeds.

    Please let me know of your company's position on this matter.  If you have any questions, please be in touch.

Sincerely,

*Gwynne B. Goodlett*

Gwynne B. Goodlett

cc:    Tina Georges
Enclosures

**EXHIBIT**
**4**

**PAUL F. SANDQUIST**
**Attorney at Law**
**224 South Marion Street**
**Oak Park, IL 60302-3104**

**Office: (708) 386-1989**
**Fax:    (708) 386-2831**
**Cell:   (708) 655-3386**
**E-mail address:**
    **sandquist224@netzero.net**
**MAILING ADDRESS**
    **P.O. Box 5724**
    **River Forest, IL 60305-5724**

June 18, 2007

Rebecca M. Rothmann
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
120 North LaSalle Street, 26th Floor
Chicago, IL 60602-2412

RE:    AIG Life Insurance Company
       Insured:     Thomas D. Harrell, deceasd
       Policy No.:  051360529
       D/D:         September 13, 2006

Dear Ms. Rothmann:

I represent Theresa A. Pedersen, f/k/a Theresa A. Harrell, 10948 Darnell Rd., Dawson, IL 62520-3147, who is the named primary beneficiary under the above captioned life insurance policy.

Ms. Pederson hereby makes formal demand for payment in full to her of the proceeds payable as a result of the insured's death on or about September 13, 2006.   .

If you have any questions or required claim documents, please contact me.

Very truly yours,

PAUL F. SANDQUIST

PFS/hns
cc. AIG Life Insurance Company
    P.O. Box 7486, Wilmington, DE 19803



EXHIBIT
5

JS 44 (Rev. 3/99)

**CIVIL COVER SHEET**

E-FILED
Thursday, 06 September, 2007 12:15:37 PM
FILED
SEP 5 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

AIG Life Insurance Company

**DEFENDANTS**

Theresa A. Pedersen
Tina Georges

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Rebecca Rothmann
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 N. La Salle St., Suite 2600
Chicago, IL 60602-2412

Attorneys (If Known)

Paul F. Sandquist
P.O. Box 5724
River Forest, IL 60305-5724

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | X ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance  X | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability    ☐ 365 Personal Injury — | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers'    Injury Product    Liability    Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine    **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    ☐ 370 Other Fraud    Liability | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 380 Other Personal    Product Liability    Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    ☐ 385 Property Damage    Injury    Product Liability | ☐ 720 Labor/Mgmt. | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations    ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights    ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| X ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1335, Complaint for Interpleader

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ 50,000.00    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  No X

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
September 4, 2007

SIGNATURE OF ATTORNEY OF RECORD

416788.1

FOR OFFICE USE ONLY

| RECEIPT # | | AMOUNT | | APPLYING IFP | | JUDGE | | MAG. JUDGE | |

JS 44 Reverse  (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

416788.1