E-FILED
Wednesday, 03 October, 2007  08:54:43 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, | ) |
| Plaintiff and Counter-Defendant, | ) ) ) |
| vs. | ) ) Case No. 07-3240 |
| THERESA A. PEDERSEN, Defendant, Counter-Claimant and Cross-Claimant, and TINA GEORGES, Personal Representative of the Estate of THOMAS D. HARRELL, Defendant and Cross-Defendant. | ) ) ) ) ) ) |

### ANSWER, COUNTERCLAIM AND CROSSCLAIM

NOW COMES THERESA A. PEDERSEN, by and through her attorneys, SCOTT & SCOTT, P.C., and for her Answer to the Complaint for Interpleader Relief states as follows:

1. Upon information and belief, Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Upon information and belief, Defendant admits the allegations of paragraph 3.

4. Presuming the accuracy of Plaintiff's claim of Defendant/Claimant, GEORGES' citizenship, and should the Court determine GEORGES is an adverse claimant, Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6 to the extent of the description of the Policy but denies that the entire policy is attached as Exhibit 1, as pages 3 and 4 appear to be missing therefrom.

7. Defendant admits the allegations of paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and thereby denies the same.

9. Upon information and belief, Defendant admits the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11 and in further answer states that pursuant to the policy pages attached to the Complaint, Plaintiff became obligated to pay the policy proceeds to the beneficiary named in the application, unless there had been a change of beneficiary for which written notice must have been received by AIG.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and thereby denies the same.

13. Defendant admits the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14 and in further answer states that there is no revocation of life insurance benefits set forth in the AIG Policy nor under the controlling insurance laws of the States of Illinois, wherein the Policy was issued, nor even under South Carolina laws, decedent's residence at the time of his death, by virtue of the dissolution of Defendant PEDERSEN's marriage with the insured, THOMAS D. HARRELL. As such, Plaintiff had no legal basis for denying Defendant PEDERSEN's demand for payment of the policy benefits.

15. Defendant admits there may be a conflicting claim to the policy benefits made by Defendant TINA GEORGES, but asserts such claim is not warranted by existing law nor for the extension, modification or reversal of existing law, and thereby AIG is fully able to discharge its liability to Defendant PEDERSEN.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and demands strict proof thereof.

17. Defendant denies the allegations of paragraph 17 and in further answer states that there is no legitimate basis for Plaintiff to consider the claim of TINA GEORGES.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and thereby denies the same.

19. Defendant denies that Plaintiff AIG is entitled to any attorneys' fees to be paid from the proceeds of the Policy which is payable to Defendant PEDERSEN.

WHEREFORE, Defendant, THERESA A. PEDERSEN, prays the Honorable Court deny the discharge or dismissal of AIG of and from this cause or from any liability for the insurance proceeds payable on the account of the death of THOMAS D. HARRELL and require Plaintiff, AIG LIFE INSURANCE COMPANY, to pay the policy proceeds together with pre-judgment interest and Defendant PEDERSEN's attorneys' fees and costs.

## COUNTERCLAIM

For her counterclaim against the Plaintiff, AIG LIFE INSURANCE COMPANY, Defendant and Counter-Claimant, THERESA A. PEDERSEN, alleges as follows:

1-13. Defendant repeats and incorporates herein as paragraphs 1 - 13 of her Counterclaim, paragraphs 1 - 13 of Plaintiff's Complaint for Interpleader Relief.

14. AIG LIFE INSURANCE COMPANY ("AIG") is required under 215 ILCS 5/154.6(d) to promptly settle legitimate claims in which liability has become reasonably clear.

15. Upon information and belief, AIG has without justification delayed for nearly a year paying the life insurance proceeds to Counter-Claimant, THERESA A. PEDERSEN, although it was aware of the death of THOMAS D. HARRELL shortly after September 13, 2006.

16. As a result of AIG's delays, Counter-Claimant has been denied the life insurance proceeds legitimately due to her plus earnings thereon and has had to incur attorneys' fees to defend her in this action and to bring this action to recover the insurance proceeds due to her.

WHEREFORE, Counter-Claimant, THERESA A. PEDERSEN, prays the Honorable Court enter judgment against AIG LIFE INSURANCE COMPANY for the full amount of policy proceeds under the said Policy, the subject of this action, together with pre-judgment interest and her attorneys' fees and costs to defend and bring this action, and penalty pursuant to 215 ILCS 5/155.

## CROSSCLAIM

For her Crossclaim against TINA GEORGES, personal representative of the Estate of THOMAS D. HARRELL, THERESA A. PEDERSEN, Cross-Claimant, alleges as follows:

1-13.  Cross-Claimant repeats and incorporates as paragraphs 1 – 13 of her Crossclaim paragraphs 1 – 13 of Plaintiff's Complaint for Interpleader Relief.

14.  Following the death of THOMAS D. HARRELL, Cross-Defendant, TINA GEORGES, had knowledge of AIG Policy No. 051360529 (the "Contract") and that the policy proceeds were payable to THERESA A. PEDERSEN as the only beneficiary properly designated by the decedent.

15.  Upon information and belief, Cross-Defendant, TINA GEORGES, made a claim for the insurance proceeds payable under the AIG Policy without having in her possession any change of beneficiary form signed by the decedent and insured, THOMAS D. HARRELL, nor with any notice of change of beneficiary having been provided AIG as required under the Policy.

16.  Cross-Defendant, TINA GEORGES', actions were intended to interfere and delay the payment of the AIG policy proceeds justly payable to Cross-Claimant, THERESA A. PEDERSEN.

17.  The unjustified claim of TINA GEORGES has caused AIG to decline paying the AIG policy proceeds to Cross-Claimant, and to institute this action of Interpleader.

18. As a result of the unwarranted actions of Cross-Defendant, TINA GEORGES, Cross-Claimant, THERESA A. PEDERSEN, has been denied payment of the AIG policy proceeds justly due to her, has lost the interest and earnings thereon, and has been required to employ counsel to defend her in this action and to bring this action for recovery of the policy proceeds.

WHEREFORE, Cross-Claimant, THERESA A. PEDERSEN, prays the Honorable Court enter judgment in her favor and against TINA GEORGES, Cross-Defendant, for pre-judgment interest at the statutory rate effective in Illinois, together with her attorneys' fees and court costs in this matter, and for such other, further and different relief in the premises as the Court deems proper and just.

Respectfully submitted,

THERESA A. PEDERSEN, Defendant,
Counter-Claimant and Cross-Claimant,

By: SCOTT & SCOTT, P.C., her attorneys


By:  /s/ R. Stephen Scott
       One of Its Attorneys

PREPARED BY:
R. Stephen Scott (02533391)
SCOTT & SCOTT, P.C.
Attorneys at Law
611 East Monroe Street, Suite 200
Springfield, Illinois 62701
Telephone: (217) 753-8200

STATE OF ILLINOIS           )
                            ) ss.
COUNTY OF SANGAMON          )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by electronic transmission through the Case Management/Electronic Case Filing System of the U.S. Bankruptcy Court to:

Daniel J. McMahon            daniel.mcmahon@wilsonelser.com
Rebecca M. Rothmann          rebecca.rothmann@wilsonelser.com

The undersigned hereby further certifies that an exact copy of the above and foregoing instrument was served upon the parties of record by depositing the same in the U.S. Mail, Springfield, Illinois, in an envelope securely sealed, postage fully prepaid and legibly addressed to:

Shawn L. Olins
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle Street, 26th Floor
Chicago, Illinois  60602

Gwynne B. Goodlett
Sanders & Smith, P.C.
Attorneys at Law
P.O. Box 1005
Toccoa, Georgia  30577

Tina Georges Harrell
114 Lake View Drive
Anderson, South Carolina  29626

on this 3rd day of October, A.D., 2007.

/s/ Brenda Ann Brooker

Subscribed and sworn to before me this 3rd day of October, A.D., 2007.

/s/ Susan Greenwalt
NOTARY PUBLIC