**E-FILED**
Tuesday, 16 October, 2007  02:00:26 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO: 07-cv-03240** |
| | ) | |
| THERESA A. PEDERSON, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO COMPLAINT FOR INTERPLEADER RELIEF**

COMES NOW Defendant Tina Georges ("Georges"), in her capacity as Personal Representative of the Estate of Thomas D. Harrell (hereinafter the "Estate" or "Defendant"), by and through undersigned counsel, and for Defendant's answer to Plaintiff's Complaint for Interpleader Relief, states as follows:

**Parties**

**Allegation 1**:  Plaintiff/Stakeholder, AIG, is an insurance company incorporated under the laws of Texas with its principal place of business in Houston, Texas.

**Answer**:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶ 1 of Plaintiff's Complaint and, therefore, denies the same.

**Allegation 2**:  Defendant/Claimant, Pederson, is a citizen of the State of Illinois, residing at 10948 Darnell Road, Dawson, Illinois, 62520.

**Answer**:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶ 2 of Plaintiff's Complaint and, therefore, denies the same.

**Allegation 3**:  Defendant/Claimant, Georges, is a citizen of the State of South Carolina, residing at 114 Lakeview Drive, Anderson, South Carolina, 29696.

**Answer**: Admit.

## Jurisdiction and Venue

**Allegation 4**:  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, as there are two or more adverse claimants of diverse citizenship, and AIG has deposited the amount in controversy ("Proceeds"), which is over the required amount of $500, with the Clerk of this Court.

**Answer**:  Defendant admits that the amount alleged to be in controversy is in excess of $500.  Defendant states that the remaining allegations in ¶ 4 are legal conclusions to which no answer is required.

**Allegation 5**:  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1397 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and one or more of the claimants reside in this jurisdiction.

**Answer**:  Defendant states that the allegations in ¶ 5 are legal conclusions to which no answer is required.

## Factual Background

**Allegation 6**:  On or around May 18, 1986, AIG issued Life Insurance Policy No. 051360529 ("Policy") to Thomas D. Harrell ("Harrell") with a face amount of $50,000.00.  Harrell named Pedersen, his wife at the time of issuance, the beneficiary under the Policy.  A true and correct copy of the Policy is attached hereto as Exhibit 1.

**Answer**:  Defendant states that the contents of Exhibit 1 speak for themselves.  By way of further answer, Defendant denies that Exhibit 1 is a true and correct copy of "the Policy."

**Allegation 7**:  On December 19, 1989, the Circuit Court of Montgomery County, Illinois entered a Judgment of Dissolution of Marriage between Harrell and Pedersen.  A true and correct copy of the Judgment of Dissolution of Marriage is attached hereto as Exhibit 2.

**Answer**:  Defendant states that the contents of Exhibit 2 speak for themselves.  By way of further answer, Defendant is without sufficient information to form a belief as to whether Exhibit 2 is a true and correct copy and, therefore, denies the same.  Defendant admits, however, that Harrell and Pederson were divorced in 1989.

**Allegation 8**: Subsequent to the divorce, Harrell purportedly completed a change of beneficiary form, requesting that the beneficiary under the Policy be changed from Pedersen to the following individuals on account of the divorce: primary beneficiaries: Milford Harrell, father, and Lee Ann Hogg, sister; contingent beneficiaries: Richard Harrell, brother, and James Harrell, brother. The form is undated and unsigned. A true and correct copy of the beneficiary change form is attached hereto as Exhibit 3.

**Answer**: Defendant admits that Harrell completed a change of beneficiary form. Defendant states that the contents of Exhibit 3 speak for themselves.

**Allegation 9**: AIG never received the beneficiary change form and has no record of a beneficiary change after the Policy was issued.

**Answer**: Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶ 9 of Plaintiff's Complaint and, therefore, denies the same.

**Allegation 10**: On September 13, 2006, Harrell died.

**Answer**: Admit.

**Allegation 11**: Under the terms of the Policy, and on account of the death of the insured named under the Policy, AIG became obligated to pay the sums due under the Policy in the total amount of $50,000.00 plus any applicable interest ("Proceeds").

**Answer**: Defendant states that the contents of Exhibit 1 (the Policy) speak for themselves.

**Allegation 12**: On May 3, 2007, counsel for Georges sent a letter to AIG, asserting a claim to the Proceeds on behalf of Harrell's estate. Counsel for Georges stated that Harrell intended to change the beneficiary after the divorce and enclosed a copy of the Judgment of Dissolution of Marriage and beneficiary change form. A true and correct copy of the May 3, 2007 letter is attached as Exhibit 4.

**Answer**: Defendant states that the contents of Exhibit 4 speak for themselves.

**Allegation 13**:  On June 18, 2007, counsel for Pedersen sent counsel for AIG a letter asserting a claim to the Proceeds on behalf of Pedersen.  A true and correct copy of the June 18, 2007 letter is attached hereto as Exhibit 5.

**Answer**:    Defendant states that the contents of Exhibit 5 speak for themselves. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in ¶ 13 of Plaintiff's Complaint and, therefore, denies the same.

### Basis for Interpleader Relief

**Allegation 14**:  Because there are conflicting claims to the Proceeds of the Policy, AIG cannot safely pay out the Proceeds.

**Answer**:  Defendant states that the allegations in ¶ 14 are legal conclusions to which no answer is required.

**Allegation 15**:  As a result of the foregoing, there exists actual or potential rival, adverse and conflicting claims to the Proceeds, and AIG has been unable to discharge its admitted liability without exposing itself to multiple liability or multiple litigation or both.

**Answer**:  Defendant states that the allegations in ¶ 15 are legal conclusions to which no answer is required.

**Allegation 16**:  AIG is willing to pay the Proceeds due and owing on account of the death of the insured, and pursuant to the provisions of the Policy and the applicable law.

**Answer**:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶ 16 of Plaintiff's Complaint and, therefore, denies the same.

**Allegation 17**:  AIG should not be compelled to become involved in the disputes or contentions of the claimants and the claimants should be ordered to litigate among themselves without further involving AIG.

**Answer**:  Defendant states that the allegations in ¶ 17 are legal conclusions to which no answer is required.

**Allegation 18**:  AIG has filed this Complaint for Interpleader of its own free will to avoid multiple liability, multiple litigation, or both.

**Answer**:  Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶ 18 of Plaintiff's Complaint and, therefore, denies the same.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court deny the discharge of AIG of and from this cause or from any liability for the insurance proceeds payable on the account of the death of Thomas D. Harrell and require Plaintiff to pay the policy proceeds together with pre-judgment interest and the Estate's attorneys' fees and costs, as set forth in Exhibit 3 of the Complaint.

> **TINA GEORGES, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL, Defendant,**
>
> **By:**    s/ **Denise M. Druhot**
> **BROWN, HAY & STEPHENS, LLP**
> Robert L. Duckels, Esq.
> Registration No. 6273846
> Denise M. Druhot, Esq.
> Registration No. 6197140
> 205 S. Fifth Street, Suite 700
> P.O. Box 2459
> Springfield, IL  62705-2459
> Telephone: (217) 544-8491
> Fax: (217) 241-3111
> E-mail:  rduckels@bhslaw.com
>             ddruhot@bhslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **October 16 2007,** I electronically filed **Answer to Complaint for Interpleader Relief** with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Daniel J. McMahon
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
120 North LaSalle St., 26th Floor
Chicago, IL  60602

R. Stephen Scott
SCOTT & SCOTT, P.C.
611 East Monroe Street, Suite 200
Springfield, IL  62701

**By:**    s/ **Denise M. Druhot**
**BROWN, HAY & STEPHENS, LLP**
Robert L. Duckels, Esq.
Registration No. 6273846
Denise M. Druhot, Esq.
Registration No. 2096943
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone: (217) 544-8491
Fax: (217) 241-3111
E-mail:  rduckels@bhslaw.com
ddruhot@bhslaw.com