E-FILED
Tuesday, 16 October, 2007 02:06:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO: 07-3240 |
| THERESA A. PEDERSON, *et al.* | ) ) ) | |
| Defendants. | ) | |

**MOTION TO DISMISS DEFENDANT THERESA A. PEDERSON'S CROSS-CLAIM AGAINST DEFENDANT TINA GEORGES, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL**

NOW COMES Defendant (and Cross-Claim Defendant) Tina Georges ("Georges"), in her capacity as Personal Representative of the Estate of Thomas D. Harrell (hereinafter the "Estate") and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for a dismissal of Defendant (and Cross-Claim Plaintiff) Theresa A. Pederson's ("Pederson") cross-claim. In support of the motion, the Estate states as follows:

1.   This is an interpleader action filed by Plaintiff AIG Life Insurance Company to seek resolution of an alleged dispute over the proceeds of a life insurance policy (the "Policy") for Thomas D. Harrell ("Harrell").

2.   Cross-Claim Plaintiff Pederson is Harrell's first wife. They were divorced in 1989.

3.   Georges is Harrell's second wife and was his wife at the time of his passing in September of 2006. She is the personal representative of the Estate.

4. Pederson's amorphous and generic cross-claim against the Estate asserts nothing more than that the Estate made an unenforceable claim on the proceeds of the Policy and that, somehow, this creates a private right of action.

5. It is not clear from the face of the cross-claim what legal theory Pederson asserts. There appear to be two (2) possibilities, neither of which state a claim upon which relief can be granted: (a) a statutory claim pursuant to 215 ILCS 5/154.6(d), which is part of the Illinois Insurance Code; or (b) a claim for tortious interference with a contract.

6. Pederson cannot state a statutory claim against the Estate pursuant to 215 ILCS 5/154.6(d) because that statute does not govern the conduct of either the Estate or Georges – it relates solely to the conduct of an insurance provider as it pertains to a claimant.

7. Pederson cannot state a claim for tortious interference with a contract because she has not pled the requisite elements and because a party cannot interfere with its own contract.

8. Moreover, and independent of the foregoing, Pederson claims as damages her attorneys' fees and expenses in bringing the cross-claim though such damages are not recoverable as a matter of law.

9. The Estate requests oral argument on this motion pursuant to Local Rule 7.1. The reason for this request is that due to the nebulous nature of the cross-claim, the Estate has been forced to literally speculate as to the legal basis of the claim. It is anticipated that Pederson will first attempt to define the legal basis of her cross-claim in her opposition to the present motion. Since the Local Rules prohibit reply briefs, the Estate requests oral argument so as to be able to respond to what will necessarily be new information presented by Pederson.

WHEREFORE, the Estate requests that this Honorable Court grant the present motion and dismiss Pederson's cross-claim in its entirety.

**TINA GEORGES, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL, Defendant,**

**By:**    s/ **Denise M. Druhot**
BROWN, HAY & STEPHENS, LLP
Robert L. Duckels, Esq.
Registration No. 6273846
Denise M. Druhot, Esq.
Registration No. 6197140
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone: (217) 544-8491
Fax: (217) 241-3111
E-mail:  rduckels@bhslaw.com
           ddruhot@bhslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **October 16, 2007,** I electronically filed a **Motion to Dismiss Defendant Theresa A. Pederson's Cross-Claim Against Defendant Tina Georges, Personal Representative of the Estate of Thomas D, Harrell** on behalf of Defendant with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following:

R. Stephen Scott
Scott & Scott P.C.
611 East Monroe Street, Suite 200
Springfield, IL 62701

Daniel J. McMahon
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle St., 26th Floor
Chicago, IL 60602

**TINA GEORGES, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL, Defendant,**

**By:** s/Denise M. Druhot
BROWN, HAY & STEPHENS, LLP
Robert L. Duckels, Esq.
Registration No. 6273846
Denise M. Druhot, Esq.
Registration No. 6197140
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
Telephone: (217) 544-8491
Fax: (217) 241-3111
E-mail: rduckels@bhslaw.com
ddruhot@bhslaw.com