E-FILED
Tuesday, 16 October, 2007 02:08:15 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 07-3240 |
| | ) | |
| THERESA A. PEDERSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
DEFENDANT THERESA A. PEDERSON'S CROSS-CLAIM
AGAINST DEFENDANT TINA GEORGES, PERSONAL
REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL

NOW COMES Defendant (and Cross-Claim Defendant) Tina Georges ("Georges"), in her capacity as Personal Representative of the Estate of Thomas D. Harrell (hereinafter the "Estate") and, pursuant to Local Rule 7.01, presents this Memorandum of Law in Support of Motion to Dismiss Defendant Theresa A. Pederson's Cross-Claim Against Defendant Tina Georges, Personal Representative of the Estate of Thomas D. Harrell.

### INTRODUCTION

This is an interpleader action filed by Plaintiff AIG Life Insurance Company ("AIG") to seek resolution of an alleged dispute over the proceeds of a life insurance policy (the "Policy") for Thomas D. Harrell ("Harrell"). Cross-Claim Plaintiff Pederson is Harrell's first wife. They were divorced in 1989. Georges is Harrell's second wife and was married to him at the time of his passing in September of 2006. She is the personal representative of the Estate.

Pederson's baseless cross-claim is that by asking AIG to determine the proper beneficiary under the Policy, Georges (acting not as an individual, but as the representative of the Estate) has violated some statutory or common law duty due and owing to Pederson to ensure that she

receives the benefits of the Policy. The law, however, simply does not support the generic claim. Consequently, the Estate asks that this Court dismiss the cross-claim in its entirety.

## ARGUMENT

It is not clear from the face of the cross-claim what legal theory Pederson asserts. The cross-claim is unlabeled and contains no elements that satisfy any common law claim with which undersigned counsel is familiar. Unfortunately, this pleading tactic compels the Estate to engage in speculation as to what the legal basis of Pederson's cross-claim may be. There appear to be two (2) possibilities, neither of which state a claim upon which relief can be granted: (a) a statutory claim pursuant to 215 ILCS 5/154.6(d); or (b) a claim for tortious interference with a contract. Each will be addressed in turn.

### I. Pederson Cannot State A Claim Against The Estate Under 215 ILCS 5/154.6(d).

In addition to the cross-claim which is the subject of the present motion, Pederson also filed a nearly identical counter-claim against Plaintiff AIG. The counter-claim asserts a statutory claim against AIG pursuant to 215 ILCS 5/154.6(d), which is part of the Illinois Insurance Code and governs the conduct of insurance providers. Pederson then incorporates that statutory claim into her cross-claim against the Estate. However, Pederson cannot state a viable statutory claim against the Estate pursuant to 215 ILCS 5/154.6(d). That statute does not govern the conduct of the Estate – it relates solely to the conduct of an insurance provider as it pertains to a claimant.

Specifically, the provisions of 215 ILCS 5/154.6(d) relate only to the conduct of a "company":

> Acts constituting improper claims practice. Any of the following acts **by a company**, if committed without just cause and in violation of Section 154.5, constitutes an improper claims practice:
>
> [ ]

> (d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

(emphasis added) On its face, the provision relied upon by Pederson applies only to a "company". The Illinois Insurance Code defines "company" as follows:

> "Company" means an insurance or surety company and shall be deemed to include a corporation, company, partnership, association, society, order, individual or aggregation of individuals engaging in or proposing or attempting to engage in any kind of insurance or surety business, including the exchanging of reciprocal or inter-insurance contracts between individuals, partnerships and corporations.

215 ILCS 5/2. Based on the plain language, the statute relied upon by Pederson clearly does not create a right of action against the Estate. Consequently, the cross-claim should be dismissed.

## II. Pederson Fails To State A Claim For Tortious Interference With A Contract Upon Which Relief Can Be Granted.

In an abundance of caution, and in an effort to most meaningfully respond to Pederson's generic and nebulous cross-claim, the Estate speculates that perhaps the cross-claim attempts to assert a common law claim for tortious interference with a contract. Assuming, *arguendo*, that Pederson is attempting to assert such a claim, it necessarily fails as a matter of law. Pederson has not pled the requisite elements and, moreover, a party cannot interfere with its own contract.

In order to state a claim for tortious interference with a contract, a plaintiff must plead: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) that defendant was aware of the contract; (3) that defendant intentionally and unjustifiably induced a breach of the contract; (4) that the wrongful conduct of defendant caused a subsequent breach of the contract by the third party; and (5) that plaintiff was damaged as a result. Strosberg v. Brauvin Realty Servs., Inc., 691 N.E.2d 834, 845 (Ill. 1998). First, Pederson has failed to plead these elements, and as such, the cross-claim should be dismissed.

Second, even if Pederson had attempted to plead the elements, she cannot allege the most basic one: the breach of a contract. The reason is apparent on the face of the litigation as a whole. This is an interpleader action. AIG is asking this Court to determine who the beneficiary is under the Policy. Even assuming for the purposes of this motion that Pederson is a "party" to a contract with AIG, no payment has yet been made to any alleged rival claimant. There is no breach. To claim that a breach has been induced, and accomplished, is patently premature. No claim on this legal theory is ripe for adjudication.

Third, the Estate of the decedent, as his successor, is a party to the AIG insurance policy. It is well-settled in Illinois that a defendant cannot interfere with its own contract so as to create the basis for a claim on this theory. IK Corp. v. One Financial Place Partnership, 558 N.E.2d 161, 172 (Ill. App. Ct. 1990); Douglas Theatre Corp. v. Chicago Title & Trust Co., 681 N.E.2d 564, 567 (Ill. App. Ct. 1997) ("[i]t is settled law that a party cannot tortiously interfere with his own contract.").

Fourth, and finally, an essential element of a tortious interference claim is that the conduct allegedly causing the interference be "wrongful". Strosberg, 691 N.E.2d at 845. Pederson has alleged no such conduct on the part of the Estate here that would qualify. She alleges no fraud, deceit, or viable statutory violation that would satisfy the "wrongful" element. She merely alleges that the Estate made an open, transparent competing claim on the proceeds of the Policy. The Estate is aware of no case in Illinois finding that such a claim constitutes a "wrongful" act such to support a tort claim of this nature.

### III.   Pederson Is Not Entitled To Attorneys' Fees And Expenses.

Pederson claims as damages her attorneys' fees and expenses in bringing the cross-claim. These are not recoverable damages as a matter of law. Her statutory claim fails because the

4

Illinois Insurance Code does not provide the basis for a claim against the Estate. To the extent she asserts a common law claim for tortious interference with a contract, her request for attorneys' fees and expenses is barred. Illinois adheres to the "American Rule" and clearly prohibits an award of attorneys' fees in the absence of an applicable statute or a contractual agreement authorizing such an award. Gray v. City of Chicago, 159 F. Supp.2d 1086, 1091 (N.D. Ill. 2001).

## CONCLUSION

For each of the foregoing reasons, the Estate requests that this Honorable Court order that Pederson's cross-claim be dismissed in its entirety.

          TINA GEORGES, PERSONAL REPRESENTATIVE
          OF THE ESTATE OF THOMAS D. HARRELL,
          Defendant,

By:    s/ **Denise M. Druhot**
       BROWN, HAY & STEPHENS, LLP
       Robert L. Duckels, Esq.
       Registration No. 6273846
       Denise M. Druhot, Esq.
       Registration No. 6197140
       205 S. Fifth Street, Suite 700
       P.O. Box 2459
       Springfield, IL 62705-2459
       Telephone: (217) 544-8491
       Fax: (217) 241-3111
       E-mail: rduckels@bhslaw.com
               ddruhot@bhslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on **October 16, 2007**, I electronically filed a **Memorandun of Law In Support of Motion to Dismiss Defendant Theresa A. Pederson's Cross-Claim Against Defendant Tina Georges, Personal Representative of the Estate of Thomas D. Harrell** on behalf of Defendant with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following:

R. Stephen Scott
Scott & Scott P.C.
611 East Monroe Street, Suite 200
Springfield, IL  62701

Daniel J. McMahon
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle St., 26th Floor
Chicago, IL  60602

TINA GEORGES, PERSONAL REPRESENTATIVE
OF THE ESTATE OF THOMAS D. HARRELL,
Defendant,

By:   s/ **Denise M. Druhot**
BROWN, HAY & STEPHENS, LLP
Robert L. Duckels, Esq.
Registration No. 6273846Denise M. Druhot, Esq.
Registration No. 6197140
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
Telephone: (217) 544-8491
Fax: (217) 241-3111
E-mail:  rduckels@bhslaw.com
            ddruhot@bhslaw.com