E-FILED
Tuesday, 23 October, 2007  03:06:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-3240 ) ) |
| THERESA A. PEDERSEN AND TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, | ) ) ) ) |
| Defendants. | ) ) ) |

### AIG's MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COUNTERCLAIM

### INTRODUCTION

AIG filed a Complaint for Interpleader Relief with this Court on September 5, 2007, pursuant to 28 U.S.C. § 1335, as there were two or more adverse claimants, with diversity of citizenship, seeking the proceeds of a life insurance policy issued by AIG to Thomas A. Harrell, and the amount in controversy exceeded $500. AIG named Pedersen as a Defendant, because she was one of the adverse claimants.

On October 3, 2007, Pedersen filed an Answer to AIG's Complaint, as well as a Counterclaim against the insurer. In her Counterclaim, Pedersen alleges that AIG unjustifiably delayed the payment of life insurance proceeds to her following the death of Thomas D. Harrell on September 13, 2006, and that AIG is required by 215 ILCS 5/154.6(d) to promptly settle claims in which liability has become reasonably clear. She asked this Court to award her the full amount of the policy's proceeds, interest, as well as her attorneys' fees and costs. *See* Counterclaim, ¶14-16.

440860.1

## STANDARD FOR DISMISSAL

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a litigant has failed to state a claim under which relief can be granted. *See Amakua Dev. LLC v. Warner*, 411 F. Supp. 2d 941, 947 (N.D. Ill. 2006). When considering a motion under this rule, courts must examine the sufficiency of the pleading, not the merits of the lawsuit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago,* 330 F.3d 456, 459 (7th Cir. 2003).

## ARGUMENT

Pedersen's Counterclaim is based on an Illinois statute governing insurance, 215 ILCS 5/154. The statute, in relevant part, provides that:

> Any of the following acts by a company, if committed without just cause and [committed knowingly or frequently,] constitutes an improper claims practice:
>
> (d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear.

However, enforcement of this statute falls squarely within the province of the Illinois Director of Insurance, and is not a remedy available to Pedersen. *See* 215 ILCS 5/154.7(1)[1]; "*Langendorf v. Travelers State Ins. Co.,* 625 F. Supp. 1103 (N.D. Ill. 1985)(this remedy is "to be pursued only by the Director of Insurance"). It is a well recognized principle in Illinois common law that this particular statute does not give rise to "a private cause of action." *Impex Shrimp & Fish Co. v.*

---

[1] 215 ILCS 5/154.7(1): "Whenever the Director finds that any company doing business in this State is engaging in any improper claims practice as defined in Section 154.5 and that a proceeding in respect thereto would be in the public interest, he shall issue and serve upon such company a statement of the charges in that respect. and a notice of hearing thereon pursuant to Article XXIV [215 ILCS 5/401 et seq.], which notice shall set a hearing date not less than 10 days from the date of the notice."

440860.1

*Aetna Cas. & Sur. Co.,* 686 F. Supp. 183 (N.E.d Ill. 1985); *Bageanis v. American Bankers Life Assurance Co.,* 783 F. Supp. 1141 (N.D. Ill. 1992). Because Pedersen's Counterclaim is based on a remedy which is not available to her under law, she has failed to state a claim upon which relief can be granted, and her Counterclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed.R.Civ.P. 12(b)(6).

Moreover, Pedersen's requests in her Prayer for Relief are improper because she has not suffered any damages from AIG's alleged delay. AIG has already deposited the $50,000 face value of the policy, as well as $4,111.75 in interest, with this Court. *See,* Court's Docket. On September 05, 2007, this Court entered a docket notation stating "Interpleader funds in the amount of $54,111.75 received from AIG Life Insurance Co and placed in the Registry Fund. Receipt no. S009238." AIG has complied with Illinois law and has already paid interest on the policy's proceeds, calculated from the death of the insured.

WHEREFORE, AIG respectfully requests that this Court dismiss, with prejudice, Pedersen's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

AIG LIFE INSURANCE COMPANY

By:   */s/ Rebecca M. Rothmann*
     Rebecca M. Rothmann

Daniel J. McMahon
Rebecca M. Rothmann
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
Tel: (312) 704-0550
Fax: (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

440860.1