E-FILED
Friday, 26 October, 2007   09:51:22 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, | ) |
| Plaintiff/Counter-Defendant | ) ) ) |
| v. | ) Case No. 07-3240 ) ) |
| THERESA A. PEDERSEN, | ) ) |
| Defendant/Counter-Claimant and Cross-Claimant | ) ) ) |
| and TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, | ) ) ) |
| Defendant/Cross-Defendant | ) ) ) |

### AIG's MOTION FOR FINAL ENTRY OF DECREE OF INTERPLEADER

Plaintiff, AIG LIFE INSURANCE COMPANY ("AIG"), by its counsel, moves this Court for entry of final decree of interpleader, and in support thereof, states as follows:

1. This Court has subject matter jurisdiction of this case.

2. This Court has personal jurisdiction over all the parties.

3. On or around May 18, 1986, AIG issued Thomas D. Harrell Life Insurance Policy No. 051360529 ("Policy") with a face amount of $50,000. He named Theresa Pedersen, his wife at the time of issuance, the beneficiary under the Policy.

4. On December 19, 1989, the Circuit Court of Montgomery County, Illinois entered a Judgment of Dissolution of Marriage between Harrell and Pedersen.

5. Subsequent to the divorce, Harrell purportedly completed a change of beneficiary form, requesting that the beneficiary under the Policy be changed from Pedersen to the following individuals on account of the divorce: primary beneficiaries: Milford Harrell, father, and Lee

441145.1

Ann Hogg, sister; contingent beneficiaries: Richard Harrell, brother, and James Harrell, brother. The form is undated and unsigned.

6. AIG never received the beneficiary change form and has no record of a beneficiary change after the Policy was issued.

7. On September 13, 2006, Harrell died.

8. Under the terms of the Policy and on account of the death of Harrell, the insured under the Policy, AIG became obligated to pay the sums due under the Policy in the amount of $50,000, plus applicable interest of $4,111.75 ("Proceeds").

9. On May 3, 2007, counsel for Defendant Tina Georges sent a letter to AIG, asserting a claim to the Proceeds on behalf of Harrell's estate. Counsel for Georges stated that Harrell intended to change the beneficiary after the divorce and enclosed a copy of the Judgment of Dissolution of Marriage and beneficiary change form.

10. On June 18, 2007, counsel for Pedersen sent counsel for AIG a letter asserting a claim to the Proceeds on behalf of Pedersen.

11. Claimants, Georges and Pedersen, have asserted rival and conflicting claims to the Proceeds, and AIG cannot safely pay the Proceeds without exposing itself to multiple litigation or multiple liability or both.

12. On September 5, 2007, AIG filed a Complaint for Interpleader Relief.

13. On October 3, 2007, Pedersen filed her Answer to AIG's Complaint, a Counterclaim against AIG and a Crossclaim against Georges.

14. On October 16, 2007, Georges filed her Answer to AIG's Complaint and a Motion to Dismiss Pedersen's Crossclaim, as well as a Memorandum in Support of her Motion to Dismiss.

441145.1

15. On October 23, 2007, AIG filed a Motion to Dismiss Pedersen's Counterclaim as well as a memorandum in support thereof.

16. AIG is entitled to the relief sought in its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff/Stakeholder AIG Life Insurance Company requests that this Court enter the proposed Final Decree of Interpleader attached hereto as Exhibit A.

Respectfully submitted,

AIG LIFE INSURANCE COMPANY

By: /s/ Rebecca M. Rothmann
Rebecca M. Rothmann

Daniel J. McMahon
Rebecca M. Rothmann
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
Tel: (312) 704-0550
Fax: (312) 704-1522
Rebecca.Rothmann@wilsonelser.com

441145.1

E-FILED
Friday, 26 October, 2007 09:51:34 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, <br><br>  Plaintiff/Defendant for counterclaim <br><br> v. <br><br> THERESA A. PEDERSEN, <br>  Defendant/Plaintiff for counterclaim <br><br> AND TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, Defendant/Defendant in crossclaim. | ) <br> ) <br> ) <br> ) Case No. 07-3240 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL ENTRY OF DECREE OF INTERPLEADER**

This cause coming before this Court on the Motion of the Plaintiff/Stakeholder, AIG LIFE INSURANCE COMPANY ("AIG"), by its counsel, for its entry of a Final Decree of Interpleader, due notice having been given, and the Court being fully advised in the premises;

This Court finds as follows:

1. This Court has subject matter jurisdiction of this case.

2. This Court has personal jurisdiction over all the parties.

3. On or around May 18, 1986, AIG issued Thomas D. Harrell Life Insurance Policy No. 051360529 ("Policy") with a face amount of $50,000.

4. On September 13, 2006, Harrell died.

5. Under the terms of the Policy and on account of the death of Harrell, the insured under the Policy, AIG became obligated to pay the sums due under the Policy in the amount of $50,000, plus applicable interest ("Proceeds"), or $54, 111.75.

EXHIBIT "A"

441155.1

6.  Defendants/Claimants Tina Georges and Theresa A. Pedersen have asserted rival and conflicting claims to the proceeds of the Policy, and AIG cannot safely pay the subject insurance proceeds without exposing itself to multiple litigation or multiple liability or both.

7.  On September 05, 2007, AIG deposited the sum of $54,111.76, its admitted, full and total liability under the Policy, with the Clerk of this Court.

**IT IS HEREBY ORDERED:**

1.  AIG is discharged of and from any and all liability arising out of the policy, and on account of the death of Robert W. Casey, having deposited its admitted, full and total liability with the Clerk of this Court.

2.  The Defendants/Claimants and all other parties in this case and each of them, are currently and perpetually restrained and enjoined from instituting or prosecuting any proceedings against AIG, in any state or any United States Courts or administrative tribunal, in any way relating to the policy or the subject insurance proceeds. Said injunction shall issue without bond or a surety.

3.  All liens against the proceeds of the policy asserted against AIG, by or on behalf of the Defendants/Claimants or any other party in this case, including any and all attorneys' liens, costs, fees, and charges are hereby resolved and of no force or effect.

4.  AIG is excused from further attendance at this cause and is dismissed from this case with prejudice, and the remaining Defendants/Claimants and other parties to this case, and each of them, shall litigate their claims and contentions regarding the subject life insurance proceeds without further involving AIG.

ENTERED:

_____
Judge

441155.1