UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, | ) |
| Plaintiff and Counter-Defendant, | ) |
| v. | ) Case No. 07-3240 |
| THERESA A. PEDERSEN, Defendant, Counter-Claimant, and Cross-Claimant, and TINA GEORGES, Personal Representative of the Estate of THOMAS D. HARRELL, Defendant and Cross-Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
TO MOTION TO DISMISS CROSS-CLAIM OF
DEFENDANT THERESA A. PEDERSEN AGAINST
DEFENDANT TINA GEORGES,
PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. HARRELL**

NOW COMES THERESA A. PEDERSEN ("PEDERSEN"), by and through her attorneys, SCOTT & SCOTT, P.C., and, pursuant to Local Rule 7.1(b)(2), presents this Memorandum of Law in Support of Objection to Motion to Dismiss Cross-Claim of Defendant THERESA A. PEDERSEN against Defendant TINA GEORGES ("GEORGES"), Personal Representative of the Estate of Thomas D. Harrell.

**INTRODUCTION**

This an interpleader action filed by Plaintiff AIG LIFE INSURANCE COMPANY ("AIG") to seek resolution of an alleged dispute over the proceeds of Life Insurance Policy Number 051360529 (the "Contract") which was issued on or about May 18, 1986 and which insured Thomas D. Harrell ("Harrell"), deceased. Defendant and Cross-Claim Plaintiff PEDERSEN was named as beneficiary under the Contract by Harrell upon its issuance. PEDERSEN and Harrell were divorced on December 19,

1

1989.  Harrell subsequently married Defendant and Cross-Claim Defendant GEORGES.  GEORGES was Harrell's wife at the time of his passing on September 13, 2006 and is the Personal Representative of the Estate of Harrell.  AIG never received nor has any record of any change in beneficiary form subsequent to the issuance of the Contract.  GEORGES alleges that Harrell completed a change in beneficiary form subsequent to the divorce between Harrell and PEDERSEN but does not allege the same was ever signed by Harrell or forwarded by Harrell to AIG.

## ARGUMENT

GEORGES' Motion to Dismiss for failure to state a claim upon which relief can be granted is without merit.  Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings which set forth a claim for relief generally contain only a short and plain statement of the grounds for the court's jurisdiction unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for relief.  Moreover, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff with plaintiff's allegations taken as true; and the Court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory, whether the theory is articulated in the complaint or not.  Knapp v. McCoy, 548 F. Supp. 1115, 1116 (N.D. Ill. 1982).

The Cross-Claim of PEDERSEN against GEORGES states facts which sufficiently support claims for tortious interference with a contract and tortious interference with an expectancy under Illinois common law upon which relief can be granted.

**I.     Pedersen States a Claim for Tortious Interference with a Contract.**

In order to plead a cause of action for tortious interference with a contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional and unjustified inducement of the third party to breach the contract; (4) a subsequent breach by the third party resulting from defendant's wrongful conduct; and (5) damages suffered by the plaintiff as a result of the breach. Strosberg v. Brauvin Realty Servs., Inc., 691 N.E.2d 824, 845 (Ill. 1998).

PEDERSEN's Cross-Claim states PEDERSEN is a third party beneficiary to the Contract between AIG and Harrell. As such, PEDERSEN may maintain an action in her own name for breach of contract. Lawrence v. Oglesby, 52 N.E. 945, 946 (Ill. 1899).

PEDERSEN's Cross-Claim states that GEORGES had knowledge of the Contract and that the policy proceeds were payable to PEDERSEN as the only properly designated beneficiary under the Contract.

PEDERSEN's Cross-Claim states GEORGES, as Personal Representative of the Estate of Harrell, made an unjustified and baseless claim to the insurance proceeds under the Contract. The Cross-Claim further states that no notice of change in beneficiary was ever provided to AIG as required under the Contract and that GEORGES has failed to produce any change in beneficiary form signed by Harrell. Illinois follows the majority rule that a divorce decree in no way affects the rights of a divorced spouse as a beneficiary in the other former spouse's life insurance policy unless a property settlement agreement specifically includes a provision terminating the beneficiary's interest. Fox

<u>Valley & Vicinity Constr. Workers Pension Fund v. Brown</u>, 897 F.2d 275, 281 (7th Cir. 1990), citing <u>O'Toole v. Central Laborers' Pension and Welfare Funds</u>, 299 N.E.2d 392, 394 (Ill. 1973).  Moreover, even if Harrell's intent to change the beneficiary under the Contract were certain, which it is not, Illinois law requires substantial compliance with the method prescribed for a change in beneficiary under the Contract in order to legally effectuate that change.  <u>Kniffin v. Kniffin</u>, 456 N.E.2d 659, 661 (Ill. 1983).  On page 5 of the Contract, Exhibit 1 of Plaintiff AIG's Complaint, the policy clearly states a change in beneficiary must be effectuated through AIG's receipt of a notice satisfactory to AIG and signed by the insured.  This never occurred.

PEDERSEN's Cross-Claim states that the unjustified claim of GEORGES has caused AIG to breach the contract by failing to perform as required under the Contract. AIG admits its performance under the Contract to pay the death benefit to the proper beneficiary became due immediately following Harrell's death in September 2006.  AIG failed and continues to fail to perform under the Contract.  This unreasonable delay in performance of twelve months by AIG constitutes breach of the Contract.  <u>American Nat. Bank & Trust Co. of Chicago v. Continental Cas. Co.</u>, 434 N.E.2d 321, 324 (Ill. 1982). AIG's duty to perform is not excused by the baseless rival claim to the proceeds by GEORGES.

PEDERSEN's Cross-Claim states as a result of the intentional and unjustified inducement by GEORGES, PEDERSEN has suffered the loss of the proceeds under the Contract rightfully due PEDERSEN, the lost interest and earnings thereon, and the incurrence of attorneys' fees and other expenses necessary to litigate the recovery of the proceeds rightfully due PEDERSEN.

PEDERSEN denies that GEORGES, as Personal Representative of the Estate of Harrell, is a party to the life insurance contract between AIG and Harrell, deceased, which possibly could bar a claim for tortious interference with a contract. The right of a beneficiary to the proceeds under a life insurance contract vests upon the death of the insured. Principal Mutual Life Insurance Co. v. Juntunen, 545 N.E.2d 224, 225 (Ill. 1989). Similarly, the death of Harrell completed Harrell's performance under the Contract and triggered AIG's duty to perform fully under the Contract through payment of the proceeds to PEDERSEN, the policy's beneficiary. Accordingly, following Harrell's death, Harrell's Estate is not a party to the Contract due to the unique nature of a life insurance contract.

**II.     Pedersen States a Claim for Tortious Interference with an Expectancy.**

In order to plead a cause of action for tortious interference with an expectancy, a plaintiff must allege: (1) the existence of an expectancy; (2) that the defendant intentionally interfered with that expectancy; (3) the interference involved conduct tortious in itself such as fraud, duress, or undue influence; (4) that there is a reasonable certainty that the benefit to plaintiff would have been received but for defendant's interference; and (5) damages. Nemeth v. Banhalmi, 425 N.E.2d 1187, 1191 (Ill. 1981).

The Nemeth case first recognized the cause of action for tortious interference with an expectancy in Illinois, relying greatly upon Restatement (Second) of Torts § 774B (1979), the intentional interference with an inheritance or gift as a valid cause of action. While Nemeth and its progeny have dealt with intentional interference with an inheritance, intentional interference with a gift is also actionable. See Sufrin v. Hosier, 128 F.3d 594, 597 (7th Cir. 1997), citing Restatement (Second) of Torts § 774B (1979).

PEDERSEN's Cross-Claim states the existence of PEDERSEN's status as the properly designated beneficiary under the Contract through the date of Harrell's passing, a clear expectancy of a gift.

The Cross-Claim states GEORGES has intentionally interfered with this expectancy by her baseless claim to the insurance proceeds.

The Cross-Claim states GEORGES conduct is tortious, or wrongful, in that GEORGES claimed a right to the proceeds without possession of any change in beneficiary form signed by Harrell and without any notice of change in beneficiary having been provided AIG as required under the Contract.

PEDERSEN's Cross-Claim states that GEORGES wrongful conduct has caused AIG to decline paying the life insurance proceeds to PEDERSEN and, as a result, that PEDERSEN has suffered the loss of the life insurance proceeds, the lost interest and earnings thereon, and the incurrence of attorneys' fees and other expenses necessary to litigate the recovery of the proceeds rightfully due PEDERSEN.

**III.     Pedersen Is Entitled to Attorneys' Fees and Expenses.**

PEDERSEN's prayer in her Cross-Claim against GEORGES for attorneys' fees and expenses incurred in litigating this matter against AIG and GEORGES caused by GEORGES' wrongful conduct is not barred as a matter of law. The general rule in Illinois is that one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of his act, which logically includes attorneys' fees and costs incident to litigation. Diamond v. General Telephone Co. of Illinois, 569 N.E.2d 1263 (Ill. 1991); Harvey v. Carponelli, 453 N.E.2d 820, 825 (Ill. 1983). In addition, when one's wrongful conduct forces another into litigation with third parties, he is liable for all

of the costs of that litigation including attorneys' fees. Harvey, 453 N.E.2d at 825. The "American Rule" is not intended to preclude a party from recovering losses directly caused by another party's wrongful conduct simply because those losses take the form of litigation expenses. Diamond, 569 N.E.2d at 1272.

Moreover, PEDERSEN is not in possession of a complete copy of the Contract, AIG Life Insurance Policy Number 051360529, which insured Harrell and named PEDERSEN as beneficiary. Exhibit 1 of AIG's Complaint, a copy of the same, is likewise incomplete. Without a complete copy of the Contract, PEDERSEN is without sufficient information to form a belief as to PEDERSEN's entitlement to attorneys' fees and expenses under the Contract. PEDERSEN, therefore, prays for attorneys' fees and expenses in her Cross-Claim against GEORGES rather than foregoing a possible award of attorneys' fees and expenses by the Court.

## CONCLUSION

WHEREFORE, THERESA A. PEDERSEN prays the Honorable Court deny TINA GEORGES' Motion to Dismiss Cross-Claim of Defendant THERESA A. PEDERSEN against Defendant TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, deceased, and for other, further, and different relief as the Court deems just.

    Respectfully submitted,

    THERESA A. PEDERSEN, Cross-Claimant,

    By: SCOTT & SCOTT, P.C., her attorneys

    By:   /s/ Jason T.H. Germeraad
        One of Its Attorneys

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF SANGAMON | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by electronic transmission through the Case Management/Electronic Case Filing System of the U.S. Bankruptcy Court to:

| | |
|---|---|
| Daniel J. McMahon | daniel.mcmahon@wilsonelser.com |
| Rebecca M. Rothmann | rebecca.rothmann@wilsonelser.com |
| Denise M. Druhot | ddruhot@bhslaw.com, enichols@bhslaw.com |

The undersigned hereby further certifies that an exact copy of the above and foregoing instrument was served upon the parties of record by depositing the same in the U.S. Mail, Springfield, Illinois, in an envelope securely sealed, postage fully prepaid and legibly addressed to:

Shawn L. Olins
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle Street, 26th Floor
Chicago, Illinois  60602

on this 2nd day of November, A.D., 2007.

/s/ Erin Biggerstaff

Subscribed and sworn to before me this 2nd day of November, A.D., 2007.

/s/ Susan Greenwalt
NOTARY PUBLIC

PREPARED BY:
R. Stephen Scott (02533391)
Jason T.H. Germeraad (6286232)
SCOTT & SCOTT, P.C.
Attorneys at Law
611 East Monroe Street, Suite 200
Springfield, Illinois  62701
Telephone: (217) 753-8200

8