**E-FILED**
Friday, 09 November, 2007   03:04:43 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| AIG LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>THERESA A. PEDERSEN, Defendant, )<br>Counter-Claimant, and Cross-Claimant, and )<br>TINA GEORGES, Personal Representative of the )<br>Estate of THOMAS D. HARRELL, Defendant and )<br>Cross-Defendant. ) | Case No. 07-3240 |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION
TO AIG'S MOTION TO DISMISS COUNTERCLAIM OF
DEFENDANT THERESA A. PEDERSEN**

NOW COMES THERESA A. PEDERSEN ("PEDERSEN"), by and through her attorneys, SCOTT & SCOTT, P.C., and, pursuant to Local Rule 7.1(b)(2), presents this Memorandum of Law in Support of Objection to AIG LIFE INSURANCE COMPANY's Motion to Dismiss Counterclaim of Defendant THERESA A. PEDERSEN.

**INTRODUCTION**

This is an interpleader action filed by Plaintiff AIG LIFE INSURANCE COMPANY ("AIG") to seek resolution of an alleged dispute over the proceeds of Life Insurance Policy Number 051360529 (the "Contract") which was issued on or about May 18, 1986 and which insured Thomas D. Harrell ("Harrell"), deceased. Defendant PEDERSEN was named as beneficiary under the Contract by Harrell upon its issuance. PEDERSEN and Harrell were divorced on December 19, 1989. Harrell subsequently married Defendant TINA GEORGES ("GEORGES"). GEORGES was Harrell's wife at the time of his passing on September 13, 2006 and is the Personal Representative of the

1

Estate of Harrell. AIG never received nor has any record of any change in beneficiary form submitted by Harrell subsequent to the issuance of the Contract. GEORGES alleges that Harrell completed a change in beneficiary form subsequent to the divorce between Harrell and PEDERSEN but does not allege the same was ever signed by Harrell or forwarded by Harrell to AIG.

## ARGUMENT

AIG's Motion to Dismiss for failure to state a claim upon which relief can be granted is without merit. In federal practice, a claim for relief need only allege facts sufficient to provide the defendant notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings which set forth a claim for relief generally contain only a short and plain statement of the grounds for the court's jurisdiction unless the court already has jurisdiction, and the claim needs no new grounds of jurisdiction to support it, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for relief. Moreover, on a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff with plaintiff's allegations and reasonably drawn inferences taken as true; and the Court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory, whether the theory is articulated in the complaint or not. Gibson v. City of Chicago, 910 F.2d 1510, 1521 (7th Cir. 1990); Knapp v. McCoy, 548 F. Supp. 1115, 1116 (N.D. Ill. 1982).

Although § 215 ILCS 5/154.6 does not give rise to a private cause of action, the Counterclaim of PEDERSEN against AIG states facts which sufficiently support a claim

2

for breach of contract under Illinois common law upon which relief can be granted. In order to plead a cause of action for breach of contract, a plaintiff generally must allege: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) resulting injury to plaintiff. Hickox v. Bell, 552 N.E.2d 1133, 1143 (Ill. 1990). However, where a contract is entered into by one with another for the benefit of a third person, such third person may maintain an action in his own name for a breach of that contract. Lawrence v. Oglesby, 52 N.E. 945, 946 (Ill. 1899). In such context, though the parties involved are altered, the elements of the cause of action remain unchanged. Accordingly, in a breach of contract claim, a third party beneficiary plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by the promisee; (3) the breach of the contract by the promisor defendant; and (4) resulting injury to third party beneficiary plaintiff.

PEDERSEN's Counterclaim states PEDERSEN is a third party beneficiary to the valid and enforceable contract which insured Harrell, AIG Life Insurance Policy Number 051360529.

PEDERSEN's Counterclaim states Harrell's death gave rise to the obligation of AIG to perform under the Contract through payment of the policy proceeds to PEDERSEN, the named beneficiary, as Harrell's death constitutes the completion of Harrell's performance under the life insurance contract.

PEDERSEN's Counterclaim states on June 18, 2007 PEDERSEN demanded AIG perform under the Contract through full payment of the policy proceeds to PEDERSEN. The Counterclaim further states AIG has unjustifiably delayed its performance under the

specific terms of the Contract of payment of the policy proceeds to PEDERSEN, which performance has been due for nearly a year. AIG failed and continues to fail to perform under the Contract. This unreasonable delay in performance of twelve months by AIG constitutes a breach of contract, as contracts must be performed within a reasonable time, even if time is not of the essence. <u>American Nat. Bank & Trust Co. of Chicago v. Continental Cas. Co.</u>, 434 N.E.2d 321, 324 (Ill. 1982). Moreover, AIG's duty to perform fully under the specific terms of the Contract is not excused by the baseless rival claim to the proceeds by GEORGES or by AIG's filing of its Interpleader Complaint approximately a year after its performance became due.

PEDERSEN's Counterclaim states as a result of AIG's unjustifiable delay in performance, PEDERSEN has suffered the loss of the proceeds under the Contract rightfully due PEDERSEN, the lost interest and earnings thereon, and the incurrence of attorneys' fees and other expenses necessary to litigate the recovery of the proceeds rightfully due PEDERSEN.

## **CONCLUSION**

WHEREFORE, THERESA A. PEDERSEN prays the Honorable Court deny AIG's Motion to Dismiss Counterclaim of Defendant THERESA A. PEDERSEN, and for other, further, and different relief as the Court deems just.

Respectfully submitted,

THERESA A. PEDERSEN, Counter-Claimant,

By: SCOTT & SCOTT, P.C., her attorneys


By:   /s/ Jason T.H. Germeraad
        One of Its Attorneys

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF SANGAMON | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the above and foregoing instrument was served upon the following parties by electronic transmission through the Case Management/Electronic Case Filing System of the U.S. Bankruptcy Court to:

Daniel J. McMahon          daniel.mcmahon@wilsonelser.com
Rebecca M. Rothmann     rebecca.rothmann@wilsonelser.com
Denise M. Druhot            ddruhot@bhslaw.com, enichols@bhslaw.com

The undersigned hereby further certifies that an exact copy of the above and foregoing instrument was served upon the parties of record by depositing the same in the U.S. Mail, Springfield, Illinois, in an envelope securely sealed, postage fully prepaid and legibly addressed to:

Shawn L. Olins
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
120 North LaSalle Street, 26th Floor
Chicago, Illinois  60602

on this 9th day of November, A.D., 2007.

/s/ Brenda Ann Brooker

Subscribed and sworn to before me this 9th day of November, A.D., 2007.

/s/ Susan Greenwalt
NOTARY PUBLIC

PREPARED BY:
R. Stephen Scott (02533391)
Jason T.H. Germeraad (6286232)
SCOTT & SCOTT, P.C.
Attorneys at Law
611 East Monroe Street, Suite 200
Springfield, Illinois  62701
Telephone: (217) 753-8200