E-FILED
Tuesday, 18 December, 2007  04:11:02 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | NO. 07-3240 |
| | ) | |
| THERESA A. PEDERSEN, | ) | |
| | ) | |
| Defendant/Counter-Claimant and Cross-Claimant, | ) | |
| | ) | |
| and TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, | ) | |
| | ) | |
| Defendant/Cross-Defendant. | ) | |

## <u>ORDER</u>

RICHARD MILLS, U.S. District Judge:

The Court now considers the motions of Defendant Georges (d/e 8) and Plaintiff AIG (d/e 10) to dismiss cross- and counter-claims brought by Defendant Pedersen.  The Court also addresses AIG's Motion for Final Entry of Decree of Interpleader (d/e 12).

## FACTS

On May 18, 1986, Plaintiff/Counter-Defendant AIG Life Insurance Company ("AIG") issued a life insurance policy (the "Policy") to Thomas D. Harrell ("Harrell"). The Policy named Harrell's wife, Defendant/Counter-Claimant/Cross-Claimant Theresa Pedersen ("Pedersen"), as beneficiary. After divorcing Pedersen, Harrell purportedly completed a change of beneficiary form naming his father and sister as primary beneficiaries and his brothers as contingent beneficiaries. The form is unsigned, undated, and was never received by AIG as required under the Policy. On September 13, 2006, Harrell died and AIG became obligated under the Policy to pay $50,000. On May 3, 2007, Defendant/Cross-Defendant Tina Georges ("Georges"), acting on behalf of Harrell's estate, asserted a claim in the Policy proceeds based on the divorce and the incomplete change of beneficiary form. Shortly thereafter, on June 18, 2007, Pedersen sent AIG a letter asserting her own claim in the proceeds.

On September 5, 2007, AIG filed a Complaint for Interpleader Relief

(d/e 1) and proceeded to deposit the $54,111.75[1] with this Court.  In response, Pedersen asserted counter-claims against AIG for breach of contract and penalties under Illinois law, as well as a cross-claim against Georges for tortious interference.  Georges and AIG now move to dismiss those claims (d/e 8, 10).  AIG also seeks attorneys' fees and the entry of a decree of interpleader (d/e 12) absolving it from liability on the Policy.

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  Under Federal Rule of Civil Procedure 8, a complaint states a claim where it "contain[s] a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Concentra Health*, 496 F.3d at 776 (quoting Fed. R. Civ. P. 8(a)(2)).  "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

---

[1]This amount constitutes the proceeds of the Policy, $50,000, plus interest owing from the date of decedent's death.

'entitlement to relief' requires more than labels and conclusions . . . .'"

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th

Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct.

1955, 1964-65, 167 L. Ed. 2d 929 (2007)).   Nevertheless, under Rule 8

"specific facts are not necessary; the statement need only give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests."

*Id.* (quoting *Erickson v. Pardus*, --- U.S. ----, 127 S. Ct. 2197, 2200, 167 L.

Ed. 2d 1081 (2007)) (internal quotations omitted).   In ruling on a motion

to dismiss, the court must take all well-pleaded factual allegations as true

and must draw all possible inferences from those allegations in favor of the

complainant.   *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## ANALYSIS

### A.     Pedersen's Counter-Claim and Cross-Claim

Pedersen  filed both a counter-claim against AIG based on a breach

of contract theory and a cross-claim against Georges for tortious

interference with a contract.[2]   A breach of contract, under Illinois law,

---

[2]Pedersen originally identified 215 Ill. Comp. Stat. 5/154.6(d) as the basis of
her claims.   This provision failed to resurface in her briefs, presumably because it
creates no private right of action.   *See* 215 Ill. Comp. Stat. 5/154.7(1); *Langendorf v.
Travelers State Ins. Co.*, 625 F. Supp. 1103, 1105 (N.D. Ill. 1985).

requires: "(1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Hickox v. Bell*, 195 Ill. App. 3d 976, 992, 552 N.E.2d 1133, 1143, 142 Ill. Dec. 392, 402 (Ill. App. Ct. 1990). Tortious interference with a contract requires:

> (1) the existence of a valid, enforceable contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional and unjustified inducement of the third party to breach the contract; (4) a subsequent breach by the third party resulting from defendant's wrongful conduct; and (5) damages suffered by the plaintiff as a result of the breach.

*Strosberg v. Brauvin Realty Servs., Inc.*, 295 Ill. App. 3d 17, 32, 691 N.E.2d 834, 845, 229 Ill. Dec. 361, 372 (Ill. App. Ct. 1998). Thus, both actions require a showing of damages resulting from the breach.

Pedersen alleges that AIG's delay in paying out the proceeds of the Policy constitutes a breach of the insurance contract. Even assuming that such a delay constitutes a breach, Pedersen cannot show any damages because AIG deposited the Policy proceeds, including interest, with the Court. Indeed, the only damages that Pedersen suffered are the attorneys'

fees incurred in this action.  Such fees, however, are ordinarily unavailable under a simple breach of contract action; rather, the Illinois Insurance Code, specifically 215 ILCS 5/155 ("Section 155"), provides the proper remedy for their recovery.  *See Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 901, 174 Ill.2d 513, 520, 221 Ill. Dec. 473, 477 (1996).[3]   As such, this Court finds that Pedersen cannot show any recoverable damages from the alleged breach and therefore the claims for breach of contract and tortious interference with a contract must be dismissed.[4]

### B.    Counter-claim for fees, costs, and penalties

In addition to the contract-based actions, Pedersen requests the extra-contractual relief afforded by Section 155.  This provision "allows courts to award costs and attorney's fees to an insured when an insurer's action is

---

[3]Indeed, if such fees were recoverable in a breach of contract action based solely on an insurer's unreasonable delay, Section 155 would never have been necessary and its limitations on recovery would be rendered nugatory.

[4]Pedersen also attempts to argue that her pleadings state a claim for tortious interference with an expectancy.  An expectancy under Illinois law has been defined to include "the interest . . . of a beneficiary designated by a living insured who has a right to change the beneficiary," *In re Marriage of Centioli*, 335 Ill. App. 3d 650, 656, 781 N.E.2d 611, 616, 269 Ill. Dec. 814, 819 (Ill. App. Ct. 2002) (citations and internal quotations omitted).  In this case, however, all of the alleged actions of interference (i.e., the claim to the proceeds) occurred after the insured's death.  At that point, any expectancy would have been a fixed contractual right.  Therefore, Pedersen's pleading fails to give any notice of a possible claim on this ground.

deemed 'vexatious and unreasonable.'" *Med. Protective Co. v. Kim*, --- F.3d ---, 2007 WL 3342246, at *10 (7th Cir. Nov. 13, 2007) (citing 215 Ill. Comp. Stat. Ann. 5/155). It also provides for the imposition of penalties. 215 Ill. Comp. Stat. 5/155. Pedersen alleges that AIG had notice of Harrell's death shortly after September 13, 2006, but refused to pay out the proceeds. Further, she appears to claim that the interpleader action constitutes an unjustified delay because of the frivolity of Georges' claims to the proceeds. Based on these assertions, Pedersen concludes that "AIG has without justification delayed for nearly a year" in paying the proceeds. These allegations suffice for purposes of Rule 8(a)'s forgiving standards. *See, e.g., Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F. Supp. 2d 954, 959-60 (S.D. Ill. 2007) (refusing to dismiss claim under section 155 because "[a]t the very least, plaintiffs have alleged that [defendant] delayed paying their claims without reason"); *Indus. Enclosure Corp. v. N. Ins. Corp. of N.Y.*, No. 97-C-6850, 1998 WL 852845, at *5-6 (N.D. Ill. Nov. 30, 1998). Pedersen's claim is at least plausible and therefore the pleadings requesting penalties, fees, and costs sufficiently state a cause of action.

7

## C.    Attorneys Fees

AIG also seeks attorneys' fees.[5]  "A court may award reasonable fees in an interpleader action, but when the stakeholder's efforts are part of its normal course of business, courts generally do not award fees."  *Sternitzke v. Pruco Life Ins. Co.*, 64 Fed. Appx. 582, 585 (7th Cir. 2003) (citations omitted).  In this case, AIG does not request a specific amount of attorneys' fees, so the reasonableness cannot be determined.  *Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F. Supp. 2d 804, 810 (N.D. Ind. 2007) (declining to address request for attorneys' fees where requesting party failed to submit any documentation of its fees and costs).  Further, nothing on the record before this Court suggests that AIG's efforts were extraordinary.  *See Minn. Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 618-19 (N.D. Ill. 1976) (denying attorneys' fees in dispute over insurance policy proceeds where the requesting party did not allege any "extraordinary circumstances").  Therefore, AIG's request for attorneys' fees is denied.

---

[5]The issue of attorneys' fees between Pedersen and Georges has not been briefed and will not be decided at this juncture.

### D.    Final Decree of Interpleader

Finally, AIG requests that this court enter a decree of interpleader discharging it from any liability relating to the Policy.  Since the Section 155 claims are still unresolved, however, the decree is denied at this time.

## CONCLUSION

For the reasons stated above, Georges' motion to dismiss (d/e 8) is granted.  AIG's motion to dismiss (d/e 10) is granted with respect to Pedersen's counter-claim for breach of contract but denied as to the claims for attorneys' fees, costs, and penalties under Section 155.  AIG's motion for a decree of interpleader (d/e 12) is also denied at this time.

IT IS SO ORDERED.

ENTERED:                                    December 17, 2007

FOR THE COURT:                    /s Judge Richard Mills
                                                  United States District Judge

9