IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | |
| | ) | Case No. 07-3240 |
| v. | ) | |
| | ) | |
| THERESA A. PEDERSEN, | ) | |
| | ) | |
| Defendant/Counter-Claimant and | ) | |
| Cross-Claimant | ) | |
| | ) | |
| and TINA GEORGES, Personal Representative | ) | |
| of the Estate of Thomas D. Harrell, | ) | |
| | ) | |
| Defendant/Cross-Defendant | ) | |
| | ) | |

## AGREED MOTION FOR FINAL ENTRY OF DECREE OF INTERPLEADER

Plaintiff, AIG LIFE INSURANCE COMPANY ("AIG"),  Defendant THERESA A.

PEDERSEN, and Defendant TINA GEORGES, all via their respective counsel, move this Court

for entry of final decree of interpleader and distribution of funds pursuant to the terms below,

and in support thereof, state as follows:

1.       This Court has subject matter jurisdiction of this case.

2.       This Court has personal jurisdiction over all the parties.

3.       On or around May 18, 1986, AIG issued Thomas D. Harrell Life Insurance Policy

No. 051360529 ("Policy") with a face amount of $50,000. He named Theresa Pedersen, his wife

at the time of issuance, the beneficiary under the Policy.

4.       On December 19, 1989, the Circuit Court of Montgomery County, Illinois entered

a Judgment of Dissolution of Marriage between Harrell and Pedersen.

5.       Subsequent to the divorce, Harrell purportedly completed a change of beneficiary

form, requesting that the beneficiary under the Policy be changed from Pedersen to the following

453832.1

individuals on account of the divorce: primary beneficiaries: Milford Harrell, father, and Lee Ann Hogg, sister; contingent beneficiaries: Richard Harrell, brother, and James Harrell, brother. The copy of the form sent to AIG by the estate attorney in south Carolina was undated and unsigned..

6.     AIG purportedly never received the beneficiary change form and has no record of a beneficiary change after the Policy was issued.

7.     On September 13, 2006, Harrell died.

8.     Under the terms of the Policy and on account of the death of Harrell, the insured under the Policy, AIG became obligated to pay the sums due under the Policy in the amount of $50,000, plus applicable interest of $4, 111.75 ("Proceeds").

9.     On May 3, 2007, counsel for Defendant Tina Georges, Personal Representative of the Estate of Thomas D. Harrell, deceased, sent a letter to AIG, asserting a claim to the Proceeds on behalf of Harrell's estate.  A copy of the letter is attached to the Complaint for Interpleader Relief as Exhibit 4.

10.     On June 18, 2007, counsel for Pedersen sent counsel for AIG a letter asserting a claim to the Proceeds on behalf of Pedersen.

11.     Claimants, Georges and Pedersen, had asserted rival and conflicting claims to the Proceeds, and AIG could not safely pay the Proceeds without exposing itself to multiple litigation or multiple liability or both.

12.     On September 5, 2007, AIG filed a Complaint for Interpleader Relief with this Court, and deposited the Proceeds of the policy with this Court, in the amount of $54, 111.75.

13.     The parties have recently reached a settlement agreement, and have agreed to a distribution of the Proceeds of AIG Life Insurance Policy # 051360529 insuring the life of

2

Thomas D. Harrell, now deceased,, without concession of liability or fault, to compromise all disputes between and among them, upon the terms set forth below:

A.    The Parties, by execution of this Agreed Order, acknowledge the mutual promises and covenants contained herein, as well as the receipt and sufficiency of valuable consideration.

B.    Theresa A. Pedersen and Tina Georges will divide the Proceeds, such that Theresa A. Pedersen shall receive $39,111.75 of the Proceeds (consisting of $35,000 of life insurance death benefit contract proceeds and $4,111.75 of interest) and  Tina Georges, as Personal Representative of the Estate of Thomas D. Harrell, deceased,  will receive $15,000 (all of which is life insurance death benefit contract proceeds)

C.    AIG having deposited the proceeds of the policy, plus interest, in the amount of $54,111.75 with the court, and upon final Order of this Agreed Motion, this Court shall distribute the Proceeds in the forms of two settlement checks, one check made payable to Theresa A. Pedersen for $39,111.75, and one check made payable to Tina Georges, as Personal Representative of the Estate of Thomas D. Harrell, deceased, and Brown Hay & Stephens, LLP, for $15,000.00.

D.    Upon the Court's entry of the order attached as Exhibit A, AIG shall voluntarily dismiss the Lawsuit with prejudice, and without recovery of attorneys' fees and costs.

E.    Theresa A. Pedersen and her heirs, personal representatives and assigns do hereby release and forever discharge Tina Georges, individually and as Personal Representative of the Estate of Thomas D. Harrell, deceased, and any other person(s), firm(s), corporation(s) and other entity(-ies) charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, and any other alleged losses relative to the Policy.

3

F.      Tina Georges, individually and as Personal Representative of the Estate of Thomas D. Harrrell, deceased, and her heirs, personal representatives and assigns do hereby release and forever discharge Theresa A. Pedersen and any other person(s), firm(s), corporation(s) and other entity(-ies) charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, and any other alleged losses relative to the Policy.

G.      Theresa A. Pedersen and Tina Georges represent and warrant to the other that: (i) they have no knowledge as to the existence of any other AIG life insurance policies insuring the life of Thomas D. Harrell; (ii) they have no received any other benefits from any other AIG life insurance policy insuring the life of Thomas D. Harrell; and (iii) they have not made any claims to any other benefits provided by any other AIG life insurance policy insuring the life of Thomas D. Harrell.

H.      Theresa A. Pedersen and Tina Georges, individually, and their respective dependents, executors, administrators, assigns, heirs, relatives, successors, predecessors, representatives, agents, attorneys, subsidiaries, parents, affiliates, directors, officers, and employees release and forever discharge AIG and each of its agents, servants, employees, subsidiaries, parents, affiliates, directors, officers, administrators, predecessors, representatives, attorneys, fiduciaries, and assigns, and each and every one of them, from any and all claims, actions, demands, damages, expenses, and compensation whatsoever arising from the Policy.

I.      Each of the Parties acknowledges that this Agreement covers all claims and causes of action whether they be in law or equity or under theories of tort, contract, statute or otherwise.  Each of the Parties further acknowledges that this Agreement and the aforesaid release covers claims for any form of damages or recovery relating to the Policy, whether

4

453832.1

compensatory, punitive, statutory, or otherwise, and includes claims and causes of action for all forms of costs, fees, or expenses, which accrued or may accrue in the past, present or future based upon facts that existed as of the date of this Agreement.  Each of the Parties acknowledges that he/it may discover facts and legal theories in addition to or different from those of which they are now aware or which arise under any policies, judgments, agreements or law.  Claims, demands, causes of action, and suits arising out of any or all matters released herein that are based upon facts or legal theories unknown as of the date of this Agreement are barred by this Agreement.

J.    Theresa A. Pedersen and Tina Georges, individually or as Personal Representative of Thomas D. Harrell, deceased, warrant that they are unaware of any persons other than those disclosed by the pleadings and exhibits on file herein who are asserting any rights arising from the Policy and that they have made no assignment of any of those rights arising from the Policy.

K.    Except as may be set forth in this Agreement, no statement or representation, written or oral, express or implied, has been made to Theresa A. Pedersen and Tina Georges, or to any of their agents, representatives, employees, attorneys, or any other person, by AIG or any of its agents, representatives, employees, attorneys, officers, directors, or any other person regarding the federal or state income tax consequences of the Agreement or the tax treatment of the monies to be received under the Agreement.

L.    The Parties agree that each party shall bear its own costs and attorneys' fees in connection with this Agreement and the matters and documents referred to herein.

M.    Neither this Agreement nor any of its provisions, terms, or conditions constitute an admission of liability or wrongdoing on the part of any of the Parties, and neither this Agreement nor any of its provisions, terms, or conditions shall be construed as an admission of

5

liability or wrongdoing or may be offered or received in evidence in any action or proceeding as evidence of admission of liability or wrongdoing.

N.     All of the agreements, covenants, representations and warranties between the Parties, express or implied, oral and written, concerning the subject matter of this Agreement are contained in this Agreement.   All prior and contemporaneous conversations, negotiations, agreements, representations, covenants, and warranties concerning the subject matter of this Agreement are merged into this Agreed Motion.  The Parties agree that no party shall be bound by or liable to any other in any manner for representations, statements, or warranties that are not expressly set forth herein, that no promises or inducements have been made except for as set forth herein, and that the Parties sign this Agreed Motion in reliance only upon the statements and representations contained herein.

O.     This Agreed Motion may not be modified except by agreement of all the Parties in writing duly executed by all the Parties.

P.     This Agreed Motion may be executed in counterparts and when signed by all signatories, shall be binding upon and inure to the benefit of each of the Parties and their respective administrators, assigns, successors, predecessors, lienholders, representatives, agents, attorneys, directors, officers, employees, affiliates and insurers.

Q.     Receipt of an executed Agreed Motion by facsimile shall constitute receipt of an original executed agreement.

R.     This Agreed Motion shall be governed by the internal laws of the State of Illinois without regard to conflict of law principles.  The parties shall submit all disputes that arise under the Agreement to the United States District Court, Central District of Illinois, Springfield Division, for resolution.

S.      Each party to this Agreed Motion is represented or has had the opportunity to be represented by her/its own attorney.  The Parties warrant and represent that they have had a full opportunity to read and negotiate the Agreed Motion and that this Agreed Motion represents the collaborative drafting of all the Parties.  The Parties further warrant that they have the authority and the legal capacity to enter into this Agreed Motion, and that they freely and voluntarily accept the terms of this Agreed Motion for the purpose of making a full, final and complete compromise in settlement of any and all claims referred to herein between them.

16.     WHEREFORE, Plaintiff/Stakeholder AIG Life Insurance Company, Defendant Theresa A. Pedersen, and Defendant Tina Georges request that this Court enter the proposed Order attached hereto as Exhibit A.

**THERESA A. PEDERSEN**
f/k/a Theresa A. Harrell

*/s/ Theresa A. Pedersen*

Date:   *1/7/08*

**TINA GEORGES a/k/a Tina Harrell,**
Individually and as Personal Representative of
the Estate of Thomas D. Harrell, deceased

*/s/ Tina Georges/Tina Harrell*

Date:   *1/8/08*

**AIG LIFE INSURANCE COMPANY**

By:   */s/ Rebecca M. Rothmann*

Title:   *Counsel*

7

Date:   _1/7/08_

Respectfully submitted,

AIG LIFE INSURANCE COMPANY

By:   _/s/ Rebecca M. Rothmann_
      Rebecca M. Rothmann

      Daniel J. McMahon
      Rebecca M. Rothmann
      WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
      120 North LaSalle Street, Suite 2600
      Chicago, Illinois 60602
      Tel: (312) 704-0550
      Fax: (312) 704-1522
      Rebecca.Rothmann@wilsonelser.com

453832.1