IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | NO. 07-3240 |
| | ) | |
| THERESA A. PEDERSEN, | ) | |
| | ) | |
| Defendant/Counter-Claimant and Cross-Claimant, | ) | |
| | ) | |
| and TINA GEORGES, Personal Representative of the Estate of Thomas D. Harrell, | ) | |
| | ) | |
| Defendant/Cross-Defendant. | ) | |

## ORDER FOR DISMISSAL OF CLAIM AND DISBURSEMENT OF FUNDS

This cause comes before the Court on the Agreed Motion of the Plaintiff/Stakeholder, AIG LIFE INSURANCE COMPANY ("AIG"), the Defendant THERESA A. PEDERSEN, and the Defendant TINA GEORGES, by their counsel.

With due notice having been given, the Court, being fully advised of the premises, finds as follows:[1]

1. This Court has subject matter jurisdiction over this case.

2. This Court has personal jurisdiction over all the parties.

3. On or around May 18, 1986, AIG issued Thomas D. Harrell Life Insurance Policy No. 051360529 ("Policy") with a face amount of $50,000.

4. On September 13, 2006, Harrell died.

5. Under the terms of the Policy and on account of the death of Harrell, the insured under the Policy, AIG became obligated to pay the sums due under the Policy in the amount of $50,000, plus applicable interest ("Proceeds"), or $54,111.75.

6. Defendants/Claimants Tina Georges, individually and as Personal Representative of the Estate of Thomas D. Harrell, deceased, and Theresa A. Pedersen asserted rival and conflicting claims to the proceeds of the Policy, and AIG could not safely pay the subject insurance proceeds

---

[1] The Court also admonishes the parties to keep it informed as to case status, especially during the pendency of a motion. The failure to do so here resulted in a significant, and quite foreseeable, waste of judicial resources. This Court strongly disapproves of such careless litigation practices.

without exposing itself to multiple litigation or multiple liability or both.

7. On September 5, 2007, AIG filed a Complaint for Interpleader Relief with this Court.

8. On September 5, 2007, AIG deposited the sum of $54,111.76, its admitted, full, and total liability under the Policy, with the Clerk of this Court.

9. The parties have recently reached a settlement agreement, and have agreed to a distribution of the Proceeds of AIG Life Insurance Policy # 051360529, without concession, pursuant to the terms of the Agreed Motion.

**IT IS HEREBY ORDERED:**

1. AIG is discharged of and from any and all liability arising out of the policy, and on account of the death of Thomas D. Harrell, having deposited its admitted, full, and total liability with the Clerk of this Court.

2. Pursuant to the terms of the Agreed Motion, the parties have reached settlement, and this Court shall issue two settlement checks: one check made payable to Theresa A. Pedersen for $39,111.75, and one check

made payable to Tina Georges, as Personal Representative of the Estate of Thomas D. Harrell, deceased, and Brown Hay & Stephens, LLP, for $15,000.00.

3. The Defendants/Claimants and all other parties in this case and each of them, are currently and perpetually restrained and enjoined from instituting or prosecuting any proceedings against AIG or against each other, in any state or any United States Courts or administrative tribunal, in any way relating to the policy or the subject insurance proceeds. Said injunction shall issue without bond or a surety.

4. All liens against the proceeds of the policy asserted against AIG, by or on behalf of the Defendants/Claimants or any other party in this case, including any and all attorneys' liens, costs, fees, and charges are hereby resolved and of no force or effect.

5. This case is dismissed with prejudice.

IT IS SO ORDERED.

ENTERED:                                        January 15, 2008

FOR THE COURT:                       /s Judge Richard Mills
                                                 United States District Judge